UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW TO (1) AMEND DISCOVERY SCHEDULE AND (2) TO COMPEL PRODUCTION OF DOCUMENTS**[1]

**A. Introduction**

Plaintiffs respectfully move for an amendment to the Pretrial Order fact discovery deadline (from June 22, 2005 to October 15, 2004) entered on November 2, 2004 ("Order"), to extend the time for completing document and deposition discovery until October 15, 2005 and for an Order compelling defendants to produce all non-privileged responsive documents to

---

1 This motion has been made within the time limit set forth in the Pretrial Order at ¶ 7.

plaintiffs First Request For Production of Documents. In accordance with Local Rule 12(a)(1), plaintiffs are not filing a separate memorandum of law, but states as follows:

This class action is brought under the ERISA statutes and generally contends that defendants were ERISA fiduciaries who breached their fiduciary duties to the plaintiffs and other similarly situated participants and beneficiaries of Textron, Inc.'s ("Textron's") defined contribution pension plans. Plaintiffs alleged that during the Class Period, (January 1, 2000 to December 31, 2001) the fiduciaries breached their duties by continuing to offer Textron stock to plan participants and continuing to maintain pension assets invested in Textron stock.

**B. The Procedural Posture of This Action**

This case is subject to a Pretrial Order entered by Judge Smith on November 2, 2004. See Exhibit 1. The Pretrial Order set a deadline for close of fact discovery by June 21, 2005. Id. at ¶ 1. At the outset of this case, and at the time of the setting of deadlines, it was contemplated by the parties and the Court that discovery in this action would coordinate with discovery in the securities purchasers' class action, Rosen v. Textron, Inc., et al., Civil Action No. 02-1905. It was also contemplated that plaintiffs in this action could utilize depositions conducted in the Rosen action of certain witnesses whose testimony would be relevant to the issues in this case. As a result, the deposition limit in this case remained set at 10 depositions for plaintiffs.

Since the discovery deadlines were set with an eye to the class action discovery schedule and to achieve the efficiencies of coordinated discovery, such coordination should continue and the discovery deadlines in this action should be extended to October 15, 2005. Courts routinely coordinate discovery between ERISA and securities fraud actions. See e.g., In re AOL Time Warner Inc. Securities And "ERISA" Litigation, 2003 U.S. Dist. LEXIS 116895 (S.D.N.Y. September 26, 2003); In re Worldcom ERISA Litig., 354 F. Supp. 2d 423, 426 (S.D.N.Y. 2005);

In re Royal Ahold N.V. Securities & ERISA Lit., 220 F.R.D. 246 (D. Md. 2004). Indeed, the parties have been able to avoid duplicative discovery burdens by agreeing that plaintiffs in this action would review the document discovery provided in the Rosen Action. See Exhibit 2.

The current posture of this action is that discovery of plaintiffs by defendants including depositions of plaintiffs has been completed. Plaintiffs' motion for class certification filed in late January 2005, was opposed by defendants on May 22, 2005. Defendants' have filed a Rule 56 motion styled as a "cross-motion" although such creature appears not to exist under this Court's Local Rules. Moreover, defendants have not followed Judge Smith's Pretrial Order No. 1 direction. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Exhibit 1 at ¶ 3.

No depositions have been conducted because plaintiffs' have not obtained all relevant ERISA specific documents from defendants pursuant to Plaintiffs' Rule 34 Requests For Production Of Documents, served on defendants in January 2005. Defendants' written responses thereto were not served until well after the 30 day response period and such responses consisted mainly of untimely objections. See Exhibit 3. Defendants made some minimal document productions over the course of March and early April 2005. During that time, as documents were produced by defendants and reviewed by plaintiffs, the parties exchanged letters and conversations on document discovery issues. The result of those exchanges was that, in spirit of compromise, plaintiffs withdrew some of their specific requests. See Exhibit 4. In defendants' latest letter (April 26, 2005) they indicated more documents would be forthcoming but none have yet been produced since that letter was sent. See Exhibit 5.

No depositions have been taken in this action. One of the reasons has been plaintiffs' desire to carefully select witnesses for depositions in order to stay within the 10 deposition limit

of the Pretrial Order. See Exhibit 6. The other reason is that the sequencing of depositions is very important to plaintiffs' case. Plaintiffs believe their action can be more efficiently and effectively litigated by conducting deposition of fiduciaries in this case after the depositions of Textron's executive officers on issues of the company's operating and financial condition have been conducted in the Rosen Action. As the Court may be aware no depositions of defendants have been conducted in Rosen. The third reason has been defendants' oft stated position that any witness produced for a 30b-6 deposition will not be produced again for a deposition on substantive issues. See Exhibit 7.

## POINT I

## PLAINTIFFS SEEK AN ADDITIONAL FOUR MONTHS OF FACT DISCOVERY TIME TO ALLOW FOR COMPLETION OF DISCOVERY IN THIS ACTION

This Court's Pretrial Order set June 21, 2005 as the fact discovery cut off date. Plaintiffs request an additional four months to complete factual discovery with a corresponding enlargement of the other deadline dates set forth in Pretrial Order No. 1 for all of the reasons set forth above. Plaintiffs believe such a brief extension is fair and reasonable and will avoid prejudice to plaintiffs from defendants' refusal produce relevant documents and will achieve efficiencies of coordination of discovery in the ERISA and securities purchasers' class actions.

## POINT II

## PLAINTIFFS SEEK AN ORDER TO COMPEL DEFENDANTS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO PLAINTIFFS' RULE 34 REQUEST

In lieu of producing documents within 30 days of plaintiffs' service of Rule 34 requests, defendants produced untimely, blanket objections to plaintiffs request and/or over-narrowly limited the scope of their production. See Exhibit 4. Defendants' Responses and Objections To Plaintiffs' Request For Production Of Documents were served on March 18, 2005, well after the

30 day period set by the Federal Rules of Civil Procedure. Defendants did not seek any extensions of time to respond thereto. The responses are untimely. As a result, defendants' objections have been waived. See Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988); Day v. Boston Edison Company, 150 F.R.D. 16 (D. Mass. 1993); Marx v. Kelly Hart & Hallman, P.C., 929 F.2d 8, 11 n.2 (1st Cir. 1991).

Defendants' objections to plaintiffs' document requests concern relevancy. Exhibit 4. The specific discovery disputes are set forth below:

1. Defendants have objected to Request 27 on the grounds that it lacks a definition of "over concentration." In response, plaintiffs have defined "over concentration" to mean any percentage of TSP assets held in Textron stock that is greater than the percentage of Textron stock held by the Textron Master Trust. Plaintiffs have no choice but to accept for the time being defendants' complied representation that they have produced all documents responsive to Request Nos. 1, 4, 5, 6, 17, 25, 29, 30, 33, 34 and 38.

2. Defendants have not produced any documents responsive to Requests 9, 36 and 37 despite defendants' representation that they would do so.

3. Defendants have objected to the production of any documents responsive to Requests No. 18 and have objected to the production of certain documents responsive to Nos. 19, 20, 21, 22, 23, 26, 27, 31 and 32 on the grounds that the Requests in whole or in part refer to conduct that is not subject to fiduciary standards under Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 443-44 (1999).

   In response plaintiffs indicated to defendants that the Hughes decision applies to the scope of liability for persons who are not fiduciaries and who perform only "settler functions." Defendants' objections on Hughes grounds even extends to areas which Textron itself has admitted constitute "fiduciary activities" as one can plainly see by comparing the "fiduciary activities" of the typed described in Requests 19-23; 26-27 and 31-32.

4. Defendants have also failed to produce documents in response to Request No. 8 except for documents reflecting the appointments of Investment Committee members. That the scope of production is too narrow in light of applicable law and the fact that defendants' documents make clear that Textron considered fiduciary activities to include many of the areas identified in plaintiffs requests. Defendants' limitation on the production of documents responsive to Requests Nos. 10, 19, 20, 21, 22, 23, 24, 26, 28, 31, 32 and 39 to documents "that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan" is inappropriate in light of the fact that documents produce by Textron clearly indicate that the fiduciary responsibilities of various committee members extends much further than just the actual act of "investment of . . . contributions in the Textron Savings Plan." Defendants' objections to production responsive to Requests 12, 13 and 14 is similarly inappropriate.

5. Finally, defendants' objection to producing, in response to Request No. 15, anything other than documents that "reflect any discussion of the viability of Textron as a going concern" is wholly inappropriate and not consistent with the law.

## CONCLUSION

WHEREFORE, plaintiffs respectfully request that the Court amended the Scheduling Order to permit fact discovery depositions to occur up to and including October 15, 2005 and compelling defendants to produce all documents responsive to plaintiffs' Requests Nos. 8-10, 12-15, 19-24, 26, 27, 31-32, 39.

Dated: June 9, 2005

Respectfully submitted,

David J. Strachman by Deborah M. Tate

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10018
Tel: 212-575-2092
Fax: 212-575-2184

LAW OFFICES OF CHARLES J. PIVEN
P.A.
Charles J. Piven, Esq.
The World Trade Center
401 East Pratt Street - Suite 2525
Baltimore, Maryland 21202
Tel: 410-332-0030

Kenneth A. Wexler, Esq.
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street
Chicago, Illinois 60602
Tel: (312) 346-2222

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Tel: 205-328-9576
Fax: 205-328-9669

Counsel for the Plaintiffs

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Linda A. LaLonde, et al.,
Plaintiffs,

v. C.A. No. 02-334S

Textron, Inc., et al.,
Defendants.

Michelle Simon-Grech, et al.,
Plaintiffs,

v. C.A. No. 02-491S

Textron, Inc., et al.,
Defendants.

**PRETRIAL ORDER**

(Civil Case)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **June 21, 2005.**

2. Expert Discovery Disclosures. Plaintiff shall make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by **July 21, 2005.** Defendant shall make its expert witness disclosures and reports, as required by Fed. R.

Civ. P. 26(a)(2), by **August 22, 2005.** (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.) All depositions of experts identified by the parties shall be completed by **September 21, 2005**.

3. Dispositive Motions. Dispositive motions shall be filed by **October 6, 2005.** Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment. Opposition papers shall be filed within 30 days after service of summary judgment motions and reply papers shall be filed within 20 days after service of opposition papers.

4. Pretrial Memoranda. Counsel shall present by **30 days after a decision on any dispositive motions, or if no dispositive motions are filed, by November 7, 2005,** typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify

with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions, as well as a jury verdict form (with special interrogatories, if any are being requested), (jury instructions should also be filed electronically with Chambers).

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

5. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda**.

6. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting forth the specific reasons for such a stay.

7. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before

trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order,

Deputy Clerk

ENTER:

William E. Smith
United States District Judge

Date: 11/2/04

# EXHIBIT 2

GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

awu@gibsondunn.com

February 8, 2005

Direct Dial
(212) 351-3820
Fax No.
(212) 351-4035

Client No.
T 90016-00280

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, New York 10022

Re: *Lalonde v. Textron Inc., et al.*

Dear Lee:

This letter will confirm our agreement regarding the terms of plaintiffs' access to documents produced by defendants in *Rosen v. Textron Inc., et al.* Per your e-mail dated February 3, 2005, plaintiffs have reviewed the Confidentiality Order, dated September 20, 2004, entered in the *Rosen* action and agree to abide by the terms set forth in that order. Plaintiffs agree to review, and ensure their compliance with, International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. 120.1 *et seq.* ITAR prohibits disclosure of information relating to certain defense articles, including the V-22 aircraft, to, *inter alia*, foreign nationals. Defendants shall not be responsible for any violation of ITAR by plaintiffs or their counsel.

Please confirm plaintiffs' mutual understanding of the parties' agreement by countersigning in the space below and returning to me a fully executed copy of this agreement.

Sincerely,

Aric H. Wu

Lee Squitieri, Esq.
Counsel for Plaintiffs

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA A. LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**<u>PLAINTIFFS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Textron Inc. ("Textron") hereby responds and objects to plaintiffs' requests for the production of documents.

## GENERAL OBJECTIONS

1. Plaintiffs have purported to serve document demands that contain 42 separate requests. Defendant objects to these requests as overbroad and unduly burdensome. The vast bulk of these requests are not reasonably calculated to lead to the discovery of relevant, let alone admissible, evidence.

2. Defendant objects to plaintiffs' requests because they are directed to "all defendants." As Textron has long made clear, there is no entity called the "Textron Savings Committee." Moreover, the deadline for plaintiffs to identify parties as defendants in lieu of "John Does 1-10" has long since passed. The only defendant in this action is Textron.

3. Defendant objects to plaintiffs' requests to the extent they seek the production of documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine.

4. Defendant objects to the instructions and definitions in plaintiffs' requests to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of Rhode Island.

5. Defendant objects to the instructions and definitions in plaintiffs' requests as vague, ambiguous, and/or overbroad.

6. Defendant objects to plaintiffs' requests to the extent they seek trade secrets, proprietary information or confidential commercial information not relevant to, or necessary for, this action.

7. Defendant objects to plaintiffs' requests to the extent that they imply defendant has a duty to seek out information not specifically within its possession, custody or control.

8. Defendant objects to plaintiffs' requests to the extent they seek documents that already have been obtained from other parties or that could more easily and properly be obtained from other parties.

9. Defendant objects to plaintiffs' requests to the extent that they seek public information or information obtained from sources to which plaintiffs also have access.

10. Defendant objects to plaintiffs' requests to the extent they seek documents relating to allegations or matters that are not included in the Consolidated Amended Class Action Complaint, dated December 27, 2002 ("Amended Complaint").

11. Defendant objects to plaintiffs' requests to the extent they seek documents relating to allegations and claims that have been dismissed from this action.

12. Defendant objects to plaintiffs' requests to the extent they seek documents relating to matters outside of the putative class period, as defined in Paragraph 1 of the Amended Complaint.

13. Defendant objects to the lack of any definition in plaintiffs' requests for the term "Plan" and object to plaintiffs' requests to the extent they seek documents relating to any employee benefit plan other than the Textron Savings Plan.

14. In furnishing the herein responses, defendant does not concede that any of the documents defendant agrees to make available in response to any request, or any sub-part thereof, is relevant to the subject matter of, or admissible in, this litigation.

15. Defendant reserves the right to supplement and/or amend its responses herein on the basis of information that comes to its attention or to the attention of its attorneys after the date of this response.

16. Any documents that are inadvertently made available to plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of defendant to object to the use of any documents inadvertently made available. Defendant reserves the right to demand that plaintiffs return to defendant any documents inadvertently made available and all copies thereof.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving or restricting the general objections set forth above, all of which are incorporated by reference into each of the following responses, defendant responds to plaintiffs' specific requests as follows:

Request No. 1

All documents, including but not limited to organizational charts, that identify persons with any responsibilities regarding the Plan during the relevant time, including but not limited to the identification of members of the Investment Committee, Board of Directors and any other fiduciaries, administrators, trustees, or other personnel/entities providing services to the Plan, including attorneys, financial advisors and pension plan consultants.

Response and Objection to Request No. 1

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting delegation of administrative authority relating to the investment of Textron Savings Plan assets.

Request No. 2

All documents describing or relating to the Investment Committee Members qualifications, training and experience to serve as Plan fiduciaries, including but not limited to all personnel and employment records relating to each member.

Response and Objection to Request No. 2

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague and ambiguous, including, but not limited to, the lack of any definition in plaintiffs' requests for the term "Plan fiduciaries." Defendant further objects to this request as overbroad,

unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request No. 3

List all committees, subcommittees or professional associations that any of the defendants and/or any named fiduciary of the plan are a member.

Response and Objection to Request No. 3

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, the membership of any defendant on any committee, subcommittee or professional association is not at issue in this lawsuit.

Request No. 4

All written instruments (as defined in ERISA § 402(a), 29 U.S.C. § 1102(a)) for the Plan that were in effect at any point during the relevant time, including any and all amendments, exhibits or appendices thereto, including but not limited to:

(a) All Summary Plan Descriptions for the Plan that were in effect at any point during the relevant time;

(b) All Trust Agreements and instruments for the Plan that were in effect at any point during the relevant time;

(c) All documents constituting, describing or otherwise referring or relating to any and all investment guidelines, policies or procedures with respect to the Plan's assets and/or the management thereof and/or the selection, training and duties of trustees, fiduciaries and administrators of the Plan which have been in force, considered or proposed during the relevant time.

Response and Objection to Request No. 4

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that provide descriptions of the Textron Savings Plan to participants of the Plan and non-privileged investment guidelines, policies or procedures with respect to the Plan's assets.

Request No. 5

All documents filed with the SEC, United States Department of Labor or United States Department of Treasury concerning the Plan.

Response and Objection to Request No. 5

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents responsive to this request.

Request No. 6

All documents constituting, describing or otherwise referring or relating to participants' rights to buy, liquidate, sell or transfer any Shares in the Textron Stock Fund "Fund Shares."

Response and Objection to Request No. 6

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as

vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents governing the rights of Textron Savings Plan participants to direct investment of Plan assets during the proposed class period.

Request No. 7

All documents constituting, describing or otherwise referring or relating to any and all guidelines, policies or procedures with respect to the evaluation and provision of investment management, trustee and other services provided to the Plan, the Investment Committee or other fiduciaries which have been in force, considered or proposed during the relevant time.

Response and Objection to Request No. 7

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, the "evaluation and provision" of outside services to the Plan and its fiduciaries is not at issue in this lawsuit.

Request No. 8

All documents constituting, describing or otherwise referring or relating to any and all policies, procedures, practices, rules, guidelines and decisions with respect to the evaluation, selection, monitoring and retention of Investment Committee Members, investment managers and other fiduciaries, service providers, and/or other persons with responsibilities with respect to the Plan, which have been in force, considered or proposed during the relevant time.

Response and Objection to Request No. 8

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as

vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, the "evaluation, selection, monitoring and retention" of outside service providers and "other persons with responsibilities with respect to the Plan" is not at issue in this lawsuit. Subject to these objections, defendant will make available non-privileged documents reflecting the appointment of Investment Committee Members.

Request No. 9

All documents regarding policies and procedures with respect to whether any defined contribution plan which is the subject of this lawsuit could, would or should qualify as a "404(c)" Plan, i.e., a plan relieving fiduciaries from certain liabilities under certain circumstances in conformance with regulations promulgated by the Department of Labor under ERISA § 404(c), 29 U.S.C. §1104(c), including all documents reflecting all actions taken by the Committee or any person in an attempt to comply with such regulations.

Response and Objection to Request No. 9

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting the status of the Textron Savings Plan under ERISA § 404(c).

Request No. 10

All documents concerning, referring or relating to formal or informal meetings, discussions, conversations, and/or exchanges between or amongst any of the members of Textron's ("TXT's") Board of Directors, Investment Committee Members, fiduciaries, defendants and any of their advisers and consultants concerning the Plan during the relevant time, including but not limited to minutes of any such meetings.

Response and Objection to Request No. 10

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 11

All documents, including but not limited to records, transcripts, presentations, lectures and publications written or produced by any of the defendants and/or any named fiduciary of the plan concerning the duties of ERISA fiduciaries in regard to Plan investments, corporate finance, investment or accounting in the telecommunications industry.

Response and Objection to Request No. 11

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. In this regard, defendant notes that there are no allegations in the Amended Complaint regarding "Plan investments, corporate finance, investment or accounting in the telecommunications industry."

Request No. 12

All documents, including but not limited to contracts, agreements and memoranda of understanding, setting forth the duties and responsibilities of any person or entity, including but not limited to all named defendants, that provided services to the Plan, to the Committee or any of it members with respect to the Plan, during the relevant time.

Response and Objection to Request No. 12

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting delegation of administrative authority relating to the investment of Textron Savings Plan assets.

Request No. 13

All documents concerning, referring or relating to efforts by Board of Directors to assign Plan fiduciary responsibilities to any agents or committees.

Response and Objection to Request No. 13

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting delegation of administrative authority relating to the investment of Textron Savings Plan assets.

Request No. 14

All documents concerning any potential or actual change in the administration of the Plan or any change in the Plan trustee or administrator.

Response and Objection to Request No. 14

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request

as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, "any potential or actual change . . . in the Plan trustee" is not at issue in this lawsuit. Subject to these objections, defendant will make available non-privileged documents reflecting changes, if any, during the proposed class period of delegation of administrative authority relating to the investment of Textron Savings Plan assets.

Request No. 15

All documents produced, generated, created or received by defendants regarding TXT stock or TXT's financial condition during the relevant period.

Response and Objection to Request No. 15

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents produced, generated, created or received by Textron personnel acting with administrative authority for the investment of Textron Savings Plan assets that reflect any discussion of the viability of Textron as a going concern.

Request No. 16

All annual reports, audited financial statements, quarterly financial statements, statements of actual or projected financial condition or income concerning TXT.

Response and Objection to Request No. 16

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request

as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant states that annual reports, audited financial statements, quarterly financial statements and press releases concerning Textron's financial condition are publicly available documents to which plaintiffs have access.

Request No. 17

All documents constituting, referring or relating to communications, presentations and/or information conveyed by any defendants to Plan Participants regarding the actual or projected financial condition, revenues, earnings and/or performance of TXT, including but not limited to any materials utilized or distributed in said conveyance.

Response and Objection to Request No. 17

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting communications by defendant, acting on behalf of the Textron Savings Plan, to participants of the Plan.

Request No. 18

All documents concerning, referring or relating to communications regarding the decisions to continue to sell Fund Shares to the Plan and encourage investment and retention of employee contributions in Fund Shares during the relevant period.

Response and Objection to Request No. 18

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request

as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See, e.g., Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999).

Request No. 19

All documents created, generated, produced, authored, received, reviewed, or considered by any Defendant or any other person relating to the reasons, prudence, benefits, costs, risks and/or disadvantages, of using TXT stock, or particular concentrations of TXT stock, for the investment of Plan assets.

Response and Objection to Request No. 19

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See, e.g., Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 20

All documents concerning referring or relating to the provision(s) of the Plan indicating that participants' matching contributions should be invested in shares of TXT stock, including but not limited to all interpretations of those provisions and all decisions or acts reflecting any defendant's implementation of such provision(s), including due diligence documents, and all documents relating to any consideration given to the possible investment of some or all of the matching contributions in investment vehicles other than TXT stock.

Response and Objection to Request No. 20

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 21

All documents created during the relevant time describing, discussing or relating to the desirability of investing Plan assets in TXT stock.

Response and Objection to Request No. 21

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 22

All documents reflecting, relating or referring to any consideration given to discontinuing the use of TXT stock as an investment option or a vehicle for the investment of matching contributions.

Response and Objection to Request No. 22

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 23

All documents concerning, referring or relating to any investigations undertaken during the relevant period, by any defendants or agents thereof, to evaluate the merits of decisions affecting the use and disposition of Plan assets.

Response and Objection to Request No. 23

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make

available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 24

All documents concerning, referring or relating to any investigations undertaken during the relevant period, by any defendants or agents thereof, to assess whether Fund Shares remained a prudent and appropriate investment alternative for the Plan.

Response and Objection to Request No. 24

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any of discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 25

All documents concerning, referring or relating to actions taken to insure investments were not purchased by the Plan at a price above what defendants, but not the participants, knew or should have known to be in excess of fair market value.

Response and Objection to Request No. 25

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague and ambiguous, including, but not limited to, the lack of any definition in plaintiffs' requests for the term "fair market value." Defendant further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

admissible evidence. Subject to these objections, defendant will make available non-privileged documents governing the process by which Plan assets were invested during the proposed class period.

Request No. 26

All documents relating to the process(es) established for monitoring the prudence of TXT stock for the investment of Plan assets, including all documents evaluating or relating to the investment performance of TXT stock or analyzing TXT's financial condition or the perception of TXT's financial condition by the market.

Response and Objection to Request No. 26

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 27

All documents concerning, referring or relating to communications regarding Plan over-concentration in Fund shares, including but not limited to, actions taken to ameliorate any over-concentration.

Response and Objection to Request No. 27

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as

vague, ambiguous (based on, but not limited to, the lack of any definition in plaintiffs' requests for the term "over-concentration"), overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999).

Request No. 28

All documents relating to any advice, formal or informal, the Committee and/or the Plan solicited or received from any person during the relevant time with respect to the administration of the Plan or the investment of assets of the Plan.

Response and Objection to Request No. 28

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 29

All documents concerning, referring or relating to communications regarding Participants' ability to reallocate matching contributions.

Response and Objection to Request No. 29

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that governing the rights of Textron Savings Plan participants to reallocate matching contributions under the Plan's terms during the proposed class period.

Request No. 30

All documents concerning any professional advice or opinions given in connection with TXT and the Plan and any documents that refer or relate thereto.

Response and Objection to Request No. 30

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Subject to these objections, defendant will make available non-privileged documents that reflect any professional advice or opinions received in connection with the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 31

All documents concerning, referring or relating to communications regarding diversification of Plan assets.

Response and Objection to Request No. 31

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct that is not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 32

All documents concerning, referring or relating to communications from any third party organizations regarding the plan fiduciaries' duty to monitor the performance of all investment alternatives.

Response and Objection to Request No. 32

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague and ambiguous, including, but not limited to, the lack of any definition in plaintiffs' requests for the term "plan fiduciaries." Defendant further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence because, *inter alia*, it refers to conduct not subject to fiduciary standards. *See*, *e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44 (1999). Subject to these objections, defendant will make available non-privileged documents that reflect any communications from third party organizations received in connection with the exercise of any

discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 33

All documents constituting, referring or relating to communications, presentations and/or information conveyed by any defendants to Plan Participants regarding Fund Shares, including but not limited to any materials utilized or distributed in said conveyance.

Response and Objection to Request No. 33

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting communications about the Textron Savings Plan to participants of the Plan.

Request No. 34

All correspondence, memoranda, communications or other documents provided by any Defendants to Plan Participants containing information sufficient to appraise Plan Participants of comparative risks associated with investing in any particular investment.

Response and Objection to Request No. 34

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting communications about the Textron Savings Plan to participants of the Plan.

Request No. 35

All correspondence, memoranda or other documents constituting or referring to communications, presentation and/or information conveyed by any defendant to any Plan Participant or Beneficiary of a Plan, where the Plan was discussed.

Response and Objection to Request No. 35

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents reflecting communications about the Textron Savings Plan to participants of the Plan.

Request No. 36

All documents from which plaintiffs can identify participants of the Plan who at any point during the relevant period held or owned beneficial interests in TXT stock or whose benefits were calculated or offset by reference to TXT stock.

Response and Objection to Request No. 36

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect participants in the Textron Savings Plan.

Request No. 37

All documents from which plaintiffs can track the holdings in TXT stock of all participants of the Plan who at any point during the relevant period held or owned beneficial interests in TXT stock or whose benefits were calculated or offset by reference to TXT stock.

Response and Objection to Request No. 37

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect participants' holdings in the Textron Savings Plan.

Request No. 38

All schedules of purchases, sales and holding of shares of TXT securities by the Plan, and any documents that refer or relate thereto, including documents which identify the sellers of TXT securities to the Plan.

Response and Objection to Request No. 38

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect transactions in Textron securities by the Textron Savings Plan.

Request No. 39

All documents constituting, describing or otherwise referring to communications with any defendant and/or named fiduciary of the Plan, including but not limited to Plan Counsel, concerning fiduciary duties in general and the duties of ERISA fiduciaries in regard to Plan investments, whether general or directed specifically to investments in employer stock.

Response and Objection to Request No. 39

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant will make available non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan.

Request No. 40

All documents constituting or relating to TXT by-laws or resolutions with respect to indemnification of, or provision of legal defense for, any person who might be liable for any ERISA violations arising out of the Plan.

Response and Objection to Request No. 40

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request No. 41

All documents, including but not limited to reservation of rights letters that consist of, refer to, or contain communications with any insurer regarding the claims set forth in this action.

Response and Objection to Request No. 41

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as

vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request No. 42

All documents, including but not limited to insurance policies that reflect the terms under which the sponsor and/or fiduciaries of the Plan are insured or indemnified against liability for breaches of fiduciary duties or other alleged misconduct.

Response and Objection to Request No. 42

Without waiving or restricting the general objections set forth above, and expressly reserving and incorporating each such general objection, defendant objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant states that it already has provided to plaintiffs copies of insurance policies in connection with defendant's initial disclosures, dated December 8, 2004.

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Dated: March 18, 2005

Attorneys for Defendant Textron Inc.

**CERTIFICATE OF SERVICE**

I certify that on the 18th day of March, 2005, a true copy of the within was served by regular mail, postage prepaid, upon the following attorneys of record:

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt
321 South Main Street – Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Shelley L. Zimmerman

*246641_1.doc*

# EXHIBIT 5

GIBSON, DUNN & CRUTCHER LLP
A Registered Limited Liability Partnership
Including Professional Corporations
200 Park Avenue
47th Floor
New York, New York 10166-0193

TELEPHONE: (212) 351-4000
FACSIMILE: (212) 351-4035

**FACSIMILE TRANSMISSION INFORMATION**

April 26, 2005

| | | |
|---|---|---|
| TO: | Mr./Ms.: | Lee Squitieri, Esq. |
| | Company: | Squitieri & Fearon, LLP |
| | City, State: | New York, NY |
| | Facsimile No.: | 212-421-6553 |
| | Main Telephone: | 212-421-6492 |

| | | | | | |
|---|---|---|---|---|---|
| FROM: | Oliver Olanoff | Room: | NY-4753 | Direct Dial: | (212) 351-3823 |
| Our File Number: | T 90016-00280 | Fax: | (212) 351-6292 | Email: | OOlanoff@gibsondunn.com |

TOTAL NUMBER OF PAGES, INCLUDING COVER LETTER: 3

**If you do not receive all the pages transmitted, please contact the facsimile operator immediately at telephone number (212) 351-4050.**

Fax Operator: ______________________

The written message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the facsimile message.

**SPECIAL INSTRUCTIONS/MESSAGE:**

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com
oolanoff@gibsondunn.com

April 26, 2005

Direct Dial
(212) 351-3823

Client No.
T 90016-00280

Fax No.
(212) 351-6292

**VIA FACSIMILE**

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, New York 10022

Re: *Lalonde v. Textron Inc., et al.*

Dear Lee:

We write to respond to your letter dated April 20, 2005.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, plaintiffs are only entitled to discovery relevant to their remaining claims in this action. Yet, in your letter, you demand documents that do not bear on plaintiffs' remaining claims.

Plaintiffs' remaining claims in this action are premised on the allegation that "in investing so much of the class's funds in Textron stock during the class period, defendants violated duties of loyalty." *Lalonde v. Textron, Inc.*, 369 F.3d 1, 3 (1st Cir. 2004). Yet, with document demand nos. 8, 10, 19, 20, 21, 22, 23,24, 26, 28, 31, 32, and 39, you assert that plaintiffs are somehow entitled to documents relating to "fiduciary responsibilities" other than those concerning the "exercise of any discretionary authority . . . with respect to the investment of employee or employer contributions in the Textron Savings Plan." For example, plaintiffs demand documents relating to the Investment Committee's alleged duties to "hire/fire managers, trustee, consultants, etc." and "review performance, staff and costs." Those alleged duties are not at issue in this case and you fail to provide any explanation as to how they are relevant to plaintiffs' remaining claims. *See Hill v. Motel 6*, 205 F.R.D. 490, 492 (S.D. Ohio 2001) ("Rule 26(b)(1) now focuses discovery *on the actual claims and defenses at issue in the case.*") (emphasis added).

GIBSON, DUNN & CRUTCHER LLP



Plaintiffs' attempt to obtain documents relating to settlor functions is likewise misguided. Plaintiffs' remaining claims concern alleged breaches of fiduciary duties. *See Lalonde*, 369 F.3d at 3. Document request nos. 19-23, 26-27 and 31-32 concern the composition, design or benefit structure of the Textron Savings Plan. As the Supreme Court has made clear, "an employer's decision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the employer's fiduciary duties." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999). Based on this holding, defendants' objection to Request 27 goes beyond the "lack of a definition of 'overconcentration.'" Document Request 27 asks for documents that are specifically concerned with the design decisions made by the plan fiduciaries and are clearly exempt from discovery based on *Hughes*.

As to document request no. 15, you erroneously assert that "defendants' objection to producing . . . anything other than documents that 'reflect any discussion of the viability of Textron as a going concern' is wholly inappropriate and not consistent with the law." To the contrary, as courts have made clear, it is the plaintiffs' burden in an ERISA action to establish that the ESOP fiduciaries had knowledge of company mismanagement and an impending company collapse. *See In re Duke Energy ERISA Litigation*, 281 F. Supp.2d 786, 793 (W.D.N.C. 2003).

You erroneously assert that defendants have failed to produce documents responsive to document request no. 9. The Textron Savings Plan document, the Summary Plan Description, and the "Notice to Participants in the Textron Savings Plan" updates distributed during the relevant period all reflect the Textron Savings Plan's compliance with the standards of ERISA § 404(c) with respect to the "Optional Contribution" portion of participants' Plan contributions. *See, e.g.* TXT 1-315.

Finally, you also erroneously assert that defendants have failed to produce any documents they indicated they would produce in response to document request nos. 36 and 37. *See, e.g.*, TXT 2252-2290. Defendants continue to search for additional documents that reflect the participants or the participants' holdings in the Textron Savings Plan during the putative class period. As you know, however, the putative class period dates back several years to 2000 and 2001.

Mitch, Aric, and I are available to discuss these matters with you at your convenience.

Sincerely,

Oliver M. Olanoff

80327056_1.DOC

# EXHIBIT 4

SQUITIERI & FEARON, LLP
32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

LEE SQUITIERI*
STEPHEN J. FEARON, JR.
DANIEL R. LAPINSKI*
MARIA J. CICCIA**
*ADMITTED TO N.Y. & N.J. BARS
**ADMITTED TO N.Y. & CT BARS

NEW JERSEY OFFICE
13 JAMES STREET
MORRISTOWN, NEW JERSEY 07960
TEL: (973) 267-4486
FAX: (973) 267-4248

March 31, 2005

**Via Telecopier - (212) 351-4035**

Mitchell Karlan, Esq.
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166

Re: **Textron ERISA**

Dear Mitch:

Regarding Defendant's Reponses And Objections To Plaintiff's Requests for the Production of Documents served March 18, 2005:

1. I asked you in an earlier letter if you could let me know when I may expect to receive, or be allowed to inspect and designate for copying, documents responsive to plaintiff's Rule 34 request which you have agreed to provide.

2. We should speak next week (I have limited availability on Monday but am very available on Tuesday and Wednesday) about defendant's objections to our document request, specifically:

a. I think you need to withdraw most if not all of your objections in light of the waiver of such objections by their failure to object to plaintiffs' Rule 34 request within 30 days of service thereof. See Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988); Day v. Boston Edison Company, 150 F.R.D. 16 (D. Mass. 1993); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 11, n.2 (18th Cir. 1991).

b. Defendants' agreements to produce certain documents in Responses and Objections 1, 6, 8, 10, 12, 13, 14,15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31,32, 33, 35, 39 are too narrow in our view.

c. We withdraw Request No. 11.

SQUITIERI & FEARON, LLP



d. I will withdraw without prejudice requests 40 and 41. However, with respect to your response to Request 42, we ask that defendant provide to us a copy of the 20,000,000-fidelity bond identified in The Textron Saving Plan Form 5500 Schedule H.

e. Defendant's refusal to produce any documents responsive to requests 2, 3, 7, 18, 27 is in our view improper in light of (a) above and because the objections themselves, even if timely made, are not well grounded. The areas implicated by requests 2, 3, 7, 18, 27 are directly related to issues of defendant's liability under ERISA 404.

I look forward to a meet and confer with your side on these issues. If you wish, however, we can deal with these issues in an exchange of letters.

Sincerely

Lee Squitieri

LS:ki

# SQUITIERI & FEARON, LLP

32 East 57th Street
12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

NEW JERSEY OFFICE
13 James Street
Morristown, New Jersey 07960
TEL: (973) 267-4488

| TELECOPIER SHEET | | | | |
|---|---|---|---|---|
| | | | | |
| **DATE:** | April 20, 2005 | | **TIME:** | 12:24 PM |
| | | | | |
| **RE:** | Textron ERISA | | **# OF PAGES** | 4 |
| | | | | |
| **FROM:** | Lee Squitieri, Esq. | | | |
| | | | | |

| PLEASE DELIVER IMMEDIATELY TO: | | | |
|---|---|---|---|
| NAME: | Mitchell Karlan, Esq. | NAME: | |
| FIRM: | Gibson Dunn & Crutcher LLP | FIRM: | |
| FAX: | (212) 351-4035 | FAX: | |
| NAME: | | NAME: | |
| FIRM: | | FIRM: | |
| FAX: | | FAX: | |
| NAME: | | NAME: | |
| FIRM: | | FIRM: | |
| FAX: | | FAX: | |

Please call Mineva at (212) 421-6492 immediately if you do not receive a complete and legible copy.

**Message to Recipient, if any:**

**Confidentiality Note:**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the message to us. Thank you.

SQUITIERI & FEARON, LLP
32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

LEE SQUITIERI*
STEPHEN J. FEARON, JR.
DANIEL R. LAPINSKI*
MARIA J. CICCIA**
*ADMITTED TO N.Y. & N.J. BARS
**ADMITTED TO N.Y. & CT BARS

NEW JERSEY OFFICE
13 JAMES STREET
MORRISTOWN, NEW JERSEY 07960
TEL: (973) 267-4488
FAX: (973) 267-4248

April 20, 2005

**VIA TELECOPIER**

Mitchell Karlan, Esq.
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166

Re: **Textron ERISA**

Dear Mitch:

This letter is in response to your request that I give you and idea of the issues I want to raise today. This letter will, at the very least, focus on the issues of our meet and confer. At least it may obviate the need for the conference. As you know from my previous letter, we have withdrawn requests numbers 11, 40 and 41.

1. If your only true objection to Request 27 is the lack of a definition of "overconcentration" then I will define "overconcentration" to mean any percentage of TSP assets held in Textron stock that is greater than the percentage of Textron stock held by the Textron Master Trust subject to your representation that you have produced all documents responsive to Request Nos. 1, 4, 5, 6, 17, 25, 29, 30, 33, 34 and 38.

2. Based upon the production made to date in the shareholders' action I am willing to defer a confrontation on defendants' failure to produce, in response to Request No. 16, "statements of . . . projected financial condition or income."

3. Defendants have not produced any documents responsive to Requests 9, 36 and 37 despite defendants' representation that they would do so.

4. Defendants have objected to the production of any documents responsive to Requests No. 18 and have objected to the production of certain documents responsive to Nos. 19, 20, 21, 22, 23, 26, 27, 31 and 32 on the grounds that the Requests in whole or in part (in your view) refer to conduct that is not subject to fiduciary standards under Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 443-44 (1999).

The Hughes decision applies to (in my view) justifies only withholding documents reflecting the amount of the plan by anyone not a fiduciary and acting solely as a "settlor." Your objections and refusal to product document go much further than that. In fact your objections on Hughes grounds even extends to areas which Textron itself has admitted constitute "fiduciary activities" as one can plainly see by comparing the "fiduciary activities" in TEX 00794 (enclosed for your convenience) with the subject matter of Requests 19-23; 26-27 and 31-32.

Defendants have also failed to produce documents in response to Request No. 8 except for documents "reflecting the appointment of Investment Committee member." I think the scope of production is too narrow in light of applicable law and the fact that TEX 00794 makes clear that among the Investment Committee's "fiduciary activities" is to "hire/fire managers, trustee, consultants, etc."; "set performance standards" and "review performance, staff and costs." TEX 00794 also makes clear that the Employee Benefits Committee's "fiduciary responsibilities" include responsibility to: "hire/fire administrators, record keepers and consultants." Similarly, Defendants' limitation on the production of documents responsive to Requests Nos. 10, 19, 20, 21, 22, 23, 24, 26, 28, 31, 32 and 39 to documents "that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan" is inappropriate in light of the fact that TEX 00794 clearly indicates that the fiduciary responsibilities of various committee members extends much further than just the actual act of "investment of . . . contributions in the Textron Savings Plan." Defendants' objections to production responsive to Requests 12, 13 and 14.

Finally, defendants' objection to producing, in response to Request No. 15, anything other than documents that "reflect any discussion of the viability of Textron as a going concern" is wholly inappropriate and not consistent with the law.

I am happy to call you today at 3:00 p.m. as we discussed but I would prefer an answer in writing.

I will call you at 3:00 p.m. unless you indicate that there is no need (or no point) for the call.

Sincerely,

Lee Squitieri

LS:mm
Encl.

# EXHIBIT 6

# SQUITIERI & FEARON, LLP

32 East 57th Street
12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

NEW JERSEY OFFICE
13 James Street
Morristown, New Jersey 07960
TEL: (973) 267-4488

| TELECOPIER SHEET | | | |
|---|---|---|---|
| **DATE:** | April 14, 2005 | **TIME:** | 10:59 AM |
| **RE:** | Textron ERISA | **# OF PAGES** | 4 |
| **FROM:** | Lee Squitieri, Esq. | | |

**PLEASE DELIVER IMMEDIATELY TO:**

| | | | |
|---|---|---|---|
| NAME: | Mitchell Karlan, Esq. | NAME: | |
| FIRM: | Gibson Dunn & Crutcher LLP | FIRM: | |
| FAX: | (212) 351-4035 | FAX: | |
| NAME: | | NAME: | |
| FIRM: | | FIRM: | |
| FAX: | | FAX: | |
| NAME: | | NAME: | |
| FIRM: | | FIRM: | |
| FAX: | | FAX: | |

Please call Mineva at (212) 421-6492 immediately if you do not receive a complete and legible copy.

**Message to Recipient, if any:**

Confidentiality Note:

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the message to us. Thank you.

SQUITIERI & FEARON, LLP
32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

LEE SQUITIERI*
STEPHEN J. FEARON, JR.
DANIEL R. LAPINSKI*
MARIA J. CICCIA**
*ADMITTED TO N.Y. & N.J. BARS
**ADMITTED TO N.Y. & CT BARS

NEW JERSEY OFFICE
13 JAMES STREET
MORRISTOWN, NEW JERSEY 07960
TEL: (973) 267-4488
FAX: (973) 267-4248

April 14, 2005

**VIA TELECOPIER**

Mitchell Karlan, Esq.
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166

Re: **Textron ERISA**

Dear Mitch:

I received your two latest productions of documents.

Since I am on a deposition "budget" imposed by the Court, I will not confirm the 30(b)(6) deposition scheduled for Friday. However, I would like to depose Cathy Streker in the next two weeks. A notice of deposition for her for April 26, 2005 is enclosed. We can agree on an adjourned date if need be.

Also, let us adjourn our tentatively scheduled meet and confer for this afternoon to next week, while I revise my list of issues to be discussed in light of your two latest productions. I am free every afternoon next week except Monday if you want to suggest some dates.

Sincerely,

Lee Squitieri/mm

Lee Squitieri

LS:mm
Encl.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA A. LALONDE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10. | C.A. No. 02-334S |
| MICHELLE SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10. | C.A. No. 02-491S<br><br>**NOTICE OF DEPOSITION** |

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the undersigned counsel will take the deposition in the above-captioned actions Cathy Streker. The deposition(s) shall be upon oral examination before an officer authorized by law to administer oaths and will take place on April 26, 2005, commencing at 10:30 a.m. and continuing thereafter until completed, at the offices of McIntyre, Tate, Lynch & Holt, LLP, Suite 400, 321 South Main Street, Providence, Rhode Island 02903.

You are invited to attend and cross-examine.

Dated: April 14, 2005

/s/

David J. Strachman (#4404)
McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP

Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553

**CERTIFICATE OF SERVICE**

I, Lee Squitieri, hereby certify that on April 14, 2005, I caused the accompanying Notice of Deposition to be served upon the following parties by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York or otherwise indicated upon:

John A. Tarantino
Adler Pollock & Sheehan, P.C.
2300 Financial Plaza
Providence, Rhode Island 02903
Tel: (401) 274-7200

Mitchell A. Karlan
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000

Lee Squitieri

# EXHIBIT 7

GIBSON, DUNN & CRUTCHER LLP
A Registered Limited Liability Partnership
Including Professional Corporations
2029 Century Park East
Suite 4000
Los Angeles, California 90067

TELEPHONE: (310) 552-8500
FACSIMILE: (310) 551-8741

**FACSIMILE TRANSMISSION INFORMATION**

January 19, 2005

TO:

| | | | |
|---|---|---|---|
| Name: | Lee Squitieri | Company: | Squitieri & Fearon, LLP |
| Facsimile No. | (212) 421-6553 | City: | New York |
| Main No. | (212) 421-6492 | State: | New York |
| Name: | David Strachman | Company: | McIntyre, Tate, Lynch & Holt |
| Facsimile No. | (401) 331-6095 | City: | Providence |
| Main No. | (401) 351-7700 | State: | Rhode Island |
| Name: | John Tarantino & Paul Curcio | Company: | Adler Pollock & Sheehan P.C. |
| Facsimile No. | (401) 351-4607 | City: | Providence |
| Main No. | (401) 274-7200 | State: | Rhode Island |

FROM: Aric H. Wu Room: NY-4934 Direct Dial: (212) 351-3820

Our File Number: T 90016-00280 Fax: (212) 351-4035

TOTAL NUMBER OF PAGES, INCLUDING COVER LETTER: 2

**If you do not receive all the pages transmitted, please contact the facsimile operator immediately at telephone number (310) 552-8500.**

Fax Operator: ____________

The written message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the facsimile message.

**SPECIAL INSTRUCTIONS/MESSAGE:**

GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

awu@gibsondunn.com

January 19, 2005

Direct Dial
(212) 351-3820
Fax No.
(212) 351-4035

Client No.
T 90016-00280

**VIA FAX (212) 421-6553**

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, New York 10022

Re: *Lalonde v. Textron Inc., et al.*

Dear Lee:

We write concerning plaintiffs' January 10, 2005 notice of deposition, purporting to schedule a Rule 30(b)(6) deposition on January 21, 2005.

Please be advised that defendants will produce their witness for deposition, once and only once, at a mutually agreeable date.

As you know, plaintiffs just recently served their document requests upon defendants. Should plaintiffs nonetheless wish to proceed with deposition before any documents have been produced, please let us know and we will check with our client regarding available dates.

Sincerely,

Aric H. Wu

cc: David Strachman, Esq. (via fax: 401-331-6095)
John Tarantino, Esq. and Paul Curcio, Esq. (via fax: 401-751-0604)