UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' OPPOSITION TO TEXTRON, INC.'S CROSS-MOTION FOR SUMMARY JUDGMENT**

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10018
Tel: 212-575-2092

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

POINT I ........ 2

PLANTIFFS' "COLORABLE CLAIMS TO VESTED BENEFITS" ENDOWS THEM WITH STANDING TO PURSUE THEIR ERISA CLAIMS ........ 2

POINT II ........ 6

TEXTRON HAD DISCRETIONARY AUTHORITY UNDER THE PLAN TO LIMIT INVESTMENTS IN TEXTRON STOCK FUND AND SUCH AUTHORITY WAS NOT A "SETTLOR" FUNCTION TO WHICH IS BEYOND FIDUCIARY LIABILITY ........ 6

CONCLUSION ........ 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' OPPOSITION TO TEXTRON, INC.'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit this memorandum of law in opposition to Textron, Inc.'s ("Textron's") Cross Motion for Summary Judgment.

**INTRODUCTION**

Textron's two page cross-motion for summary judgment should be denied: neither branch of Textron's motion even come close to demonstrating that there is an absence of triable

facts with respect to the issues identified by Textron.[1] In fact, the factual underpinnings of both of defendants' arguments are directly contradicted by facts which may be judicially noticed by this Court and The Plan Document submitted by Textron on its cross-motion, whose authenticity is not disputed.

In opposition to Textron's motion, plaintiffs have adduced sufficient facts of a "colorable claim to vested benefits" to satisfy the ERISA standing requirement. See Point I, infra. Plaintiffs have also adduced evidence that Textron's Inc.'s discretionary authority as Plan Administrator included the power to limit investments in the Textron Stock Fund and thus Textron can be liable for any breach of its fiduciary duty to exercise such discretion. As a result, Textron's assertion that adoption or amendment of a plan is a "settler", rather than fiduciary function, does not demonstrate the absence of a genuine issue as to Textron's breach of its fiduciary duty with respect to matters clearly defined under the Plan as part of Textron's plan administration duties to manage the investments of the fund mandate judgment in Textron's favor on its second ground for summary judgment. See Point II, infra.

## POINT I

## PLANTIFFS' "COLORABLE CLAIMS TO VESTED BENEFITS" ENDOWS THEM WITH STANDING TO PURSUE THEIR ERISA CLAIMS

Textron contends that neither plaintiff has standing to sue because both are ex-employees of Textron and neither has an expectation of returning to employment at Textron. Defendants' Cross-Motion at 25. According to Textron, the foregoing conditions, admitted by plaintiffs, eliminate plaintiffs' standing under ERISA. Citing only Crawford v. Lamantia, 34 F.3d 28 (1st

[1] Textron has failed to offer evidence of the absence of a genuine of fact with respect to either prong of its motion for summary judgment. As demonstrated herein, Textron has failed to even contend that plaintiffs' have no "colorable claim." Thus Textron has failed to negate plaintiffs' standing. Similarly, Textron's assertion that the adoption or amendment of a plan is not actionable as a fiduciary function does not negate plaintiffs' claim for breach of fiduciary duties to prudently administer the Plan according to the Plan documents and within the discretionary authority granted to Textron. Textron has thus failed to discharge its burden. Crawford v. Lamantia, 34 F.2d 28, 31 (1st Cir. 1994) (holding moving party must offer evidence of absence of fact).

Cir. 1994), Textron contends, in effect, that only current employees or former employees with an intention to seek reinstatement can be "participants" as defined by ERISA. Absent such participant status, Textron argues, there is no standing to maintain these claims. Defendants' legal argument flies in the face of long established First Circuit precedent such as Vastanian v. Monsanto Company, 14 F.3d 697 (1st Cir. 1994), and is inconsistent with the law articulated in Crawford. Textron's arguments are accepted, it will encourage employers to fire any plan participant who claims to have been deprived of benefits. In the extreme, it would allow an employer who had violated ERISA to escape liability merely by terminating the affected participants. Such a result would be contrary to the First Circuit's view of ERISA law that "[t]he legislative history of ERISA indicates that Congress intended the federal courts to construe the Act's jurisdictional requirements broadly in order to facilitate enforcement of its remedial provisions." (citations to Senate Reports omitted) Vartanian at 702. In Vartanian, the First Circuit declined to interpret the standing requirements of ERISA in such a way as to "frustrate Congress's intention to remove jurisdictional and procedural obstacles to such claims." Id.

Plaintiffs meet the statutory definition of "participant" as refined by judicial precedent. ERISA allows private civil actions to be brought by "participants" or "beneficiaries" 29 U.S.C. § 1132 (a). A "participant" is defined under ERISA as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covets employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive such benefit." 29 U.S.C. § 1002(7). [Emphasis supplied]

The United States Supreme Court has held that "participant" under ERISA is "naturally read" to include, among others, "former employees" who have a "colorable claim to vested

benefits." Firestone Tire & Rubber Co. v. Broch, 489 U.S. 101, 117-118, 103 L.Ed. 2d 80, 109 S.Ct. 948 (1989). The Supreme Court in Firestone reasoned that former employees may satisfy the "may become eligible" component of the participant definition despite the participant's separation from the employer. In Firestone, the Supreme Court held that "in order to establish that he or she 'may become eligible' for benefits a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Id.

The First Circuit, in Vartanian, accepting Firestone's description of "participant", agreed with the Sixth Circuit's holding in Astor v. International Business Machine Corp., 7 F.3d 533, 538-39 (6th Circ. 1993) that the standing question in ERISA cases cannot be applied in a formulaic manner to dismiss claims based on lack of standing. Specifically, the First Circuit in Vartanian endorsed the Sixth Circuit's holding in Astor that:

> In determining who is a participant for purposes of standing, the definition found in 29 U.S.C. § 1002(7) must be read in the context of traditional concepts of standing, not in the context of adjudicating the ultimate issue of the merits of plaintiffs' claim. . .

Vartanian at 701 citing Astor at 538-539. Ultimately, the First Circuit in Vartanian, in reversing the district court's dismissal of plaintiffs' claims, held that plaintiffs' had standing under ERISA as "participants" where their claim fell "squarely within the 'zone of interests' ERISA was designed to protect." Id. at 702 citing Astor, 7 F.3d at 538-39. Thus in Vartanian, the First Circuit reinstated the claim of a plaintiff who alleged that he was a "participant" under ERISA of a plan which had not even came into existence at the time the plaintiff ceased to be an employee because under "the broadly inclusive scope of the ERISA statute" (Id.) it would be consistent with the ERISA statute to decline to bar plaintiff's claim for lack of standing. The First Circuit's bottom line holding, in Vartanian, equally applicable here is:

> Where the employee shows that in the absence of the employers breach of fiduciary duty he would have been entitled to greater benefits than those which he received, then his receipt of payment cannot be used to deprive him of "participant" status and hence standing to sue under ERISA.

Id. at 703.

Here, plaintiffs have established a colorable claim which falls squarely within ERISA's protections. The viability of plaintiffs' claims have been sustained by the First Circuit in Lalonde v. Textron, Inc., 369 F.3d 1 ) (1st Cir. 2004). Vartanian's holding and rationale are consistent with appellate court decisions in the Second, Fifth, Sixth, Seventh and Ninth Circuits. See Mullins v. Pfizer, 23 F.3d 663 (2d Cir. 1994); Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1220-21 5th Cir., cert. denied, 506 U.S. 820 (1992); Swinney v. General Corp. 46 F.3d 512 (6th Cir. 1995); Astor, supra; Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d, 786 (7th Circ. 1996); Waller v. Blue Cross of Cal., 32 F.3d 1337 (9th Cir. 1994).

Defendants' citation and reliance solely upon Crawford, 34 F.3d at 32 is wholly inappropriate because Crawford endorsed Vartanian's holding that standing exists where a "colorable claim to vested benefits" is shown. Id. at 33. In Crawford, however, the First Circuit held that plaintiff failed to show the alleged breach of fiduciary duties had a direct effect on benefits. Here by contrast, the First Circuit in Lalonde v. Textron, Inc. has already held that plaintiffs' allegations, including allegations that plaintiffs' benefits were damaged by investing in Textron stock at inflated levels, state a viable cause of action.

## POINT II

## TEXTRON HAD DISCRETIONARY AUTHORITY UNDER THE PLAN TO LIMIT INVESTMENTS IN TEXTRON STOCK FUND AND SUCH AUTHORITY WAS NOT A "SETTLOR" FUNCTION TO WHICH IS BEYOND FIDUCIARY LIABILITY

Textron also seeks summary judgment on any claim based on Textron's "decision to adopt or amend the Plan." Textron Memo at 26-27. According to Textron, it is entitled to summary judgment on that narrow issue under a string of United States Supreme Court decisions, i.e., Pegram v. Herdrich, 530 U.S. 211, (2000); Hughes Aircraft Co. v. Jacobson, 525 U.S. 422 (1999); Curtiss-Wright Corp. V. Schoonejongen, 514 U.S. 73 (1995); Lockheed Corp v. Spink, 517 U.S. 882 (1996) which limit a plan sponsor or employer's liability for decisions to modify or terminate a plan. Textron's position relies on an oversimplification of the controlling legal principles.

Textron has ignored a very important legal distinction between an amendment of a plan by a fiduciary exercising discretionary authority and an amendment by an employer not acting as a fiduciary but rather acting in its capacity as employer. Here, because Textron was the plan administrator with discretion to manage plan investments and limit investments in the Textron Stock Fund there exists a question of fact whether Textron was acting in its capacity as a fiduciary[2] rather than solely as an employer,[3] and therefore Textron's motion for summary judgment must be denied.

Not all decisions related to an amendment of a plan are immune from scrutiny under ERISA. Under ERISA every employee benefit plan must provide a procedure for amending the

---

[2] Textron was clearly a fiduciary within the meaning of ERISA because it was acting in the capacity of "administrator." 29 U.S.C. § 1002(21)(A)(i)-(iii).

[3] Textron's ability to wear two hats does not relieve it of obligation to act in accordance with fiduciary standards when making fiduciary decisions. See Pegram, supra, at 224. Citing, Hughes Aircraft Co. v. Jacobson, 524 U.S. 432, 443-444 (1999); Varity Corp. v. Howe, 516 U.S. 489, 497 (1996).

plan and identifying the persons who have authority to amend the plan. ERISA 402(b), 29 U.S.C. 1102(b). There is nothing in the statute which prohibits fiduciary liability from attaching to actions in amending plans. In fact ERISA 402(b) is "located in the 'fiduciary responsibility' section of ERISA. See 29 U.S.C. § 1101-1114. Curtiss-Wright Corp. v. Schoonejongen, supra at 82. In fact, Curtiss-Wright recognized that plan administrators have fiduciary responsibility with respect to plan amendments. See Curtiss-Wright at 83 (citing 29 U.S.C. 1104(a)(1)(D) referring to plan administrators' duty to amend the plan in accordance with amendment provisions of ERISA.) and Id. at 85 (". . .plan administrators appear to have a statutory responsibility actually to run the plan in accordance with currently operative, governing plan documents and thus an independent incentive for obtaining new amendments as quickly as possible. . ."). The strict holding of Curtiss-Wright was that "plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." The holding in Hughes Aircraft Company v. Jacobson, supra, was no broader. In Hughes, Justice Thomas, writing for a unanimous Court, held "employers or other plan sponsors are generally free under ERISA to adopt, modify or terminate . . . plans." Id. at 78 and further held:

> ERISA'S fiduciary duty requirement simply is not implicated where Hughes, acting as the Plan's settlers, unless a decision regarding the form or structure of the plan such as who is entitled to receive plan benefits and in what amounts, or how such benefits are calculated.

Id.

It is an undisputed fact that, Textron, as plan administrator, has the power under the Plan:

> in its sole discretion, has the authority to establish additional investment funds pursuant to this Section 8.01 (including the authority to establish a default fund) and to close, limit or eliminate the availability of any of the investment funds established pursuant to this Section 8.01.

Plan page 27, Exhibit C. Thus, Textron had the discretionary authority to "limit" the availability of the ESOP fund. For the imprudent exercise of that authority as a fiduciary Textron can be liable. See Lalonde v. Textron, Inc.

Here, unlike any other case cited by Textron, it is also the plan administrator and the decision and power held by Textron to limit investment in the Textron Stock Fund is not clearly a settler function. Thus, none of the authorities cited by Textron apply, strictly speaking to Textron, which is not merely acting here as sponsor and employer and was not engaged in mere settlor functions.

Accordingly, since under the Plan, Textron has retained discretionary authority over a change in determining investment options of the fund assets it can be liable as a fiduciary and the plaintiffs' claims cannot be dismissed.

## CONCLUSION

For all of the foregoing reasons Textron's cross-motion for summary judgment should be denied in its entirety.

Dated: Providence, Rhode Island
June 20, 2005

Respectfully submitted,

6/20/05

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10018
Tel: 212-575-2092
Fax: 212-575-2184

CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of June 2005, I caused true and correct copies of the foregoing to be served upon defense counsel listed below via First Class Mail, postage prepaid:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

William J. Kilberg, Esq.
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Karl G. Nelson, Esq.
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201

Karen Beaton, Esq.
Joseph V. Cavanagh, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, Rhode Island 02903

James S. Dittmar, Esq.
James O. Fleckner, Esq.
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109

Mitchell A. Karlan
Aric H. Wu
Gibson, Dunn & Crutcher LLP
200 Park Ave
47 Floor
New York, NY 10166-0193