UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | : | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | : | C.A. No. 02-491S |

**COUNTER-STATEMENT OF UNDISPUTED FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. In response to Textron's Statement of Undisputed Facts Numbers 1, 2, 3 and 4 plaintiffs deny that they lack standing to assert the claims asserted in the Amended Complaint because plaintiffs' have a "colorable claim" to vested benefits. See 369 F.3d 1, (1st Cir. 2004), (Decision of the First Circuit Court of Appeals in Lalonde v. Textron, Inc., determining that plaintiffs had stated a viable claim for breach of fiduciary duties against certain defendants under ERISA 404(a)) and Plan Document § 11.01, (DA Ex. C), (indicating that benefits vest immediately).

17. In response to Textron's Statement of Undisputed Facts Number 12, plaintiffs' deny that Textron's ability to "amend" the terms of the Plan limited its discretionary authority (and hence Textron's fiduciary duty under ERISA) to limit investments in the Textron Stock Plan. Plan Document, § 8.01 and 8.02. (DA Ex. C).

## PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED FACTS

18. In Lalonde v. Textron, Inc., et al., 369 F.3d 1, the First Circuit Court of Appeals held that plaintiffs' Amended Complaint, at least in part, alleged a viable cause of action against Textron Inc. for breach of fiduciary duty under ERISA.

19. Plaintiffs' had "vested benefits" in the Textron Stock Fund during the Class Period. Simon-Grech Tr. at 19; 4-20; (DA Ex. A); Lalonde Account Statements, (DA Exhibits J and K); Lalonde Tr. at 8-13. (DA Ex. B).

20. The Plan provides that Textron is the Plan Administrator. Plan Document § 17. (DA Ex. C).

21. Under the terms of the Plan, Textron had authority and discretion to limit investments in Textron Stock Fund. Plan Document ¶ 8.01 and 8.02. (DA Ex. C).

Dated: Providence, Rhode Island
June 20, 2005

Respectfully submitted,

6/20/05

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10018
Tel: 212-575-2092
Fax: 212-575-2184

Attorneys for Plaintiff and the Class

CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of June 2005, I caused true and correct copies of the foregoing to be served upon defense counsel listed below via First Class Mail, postage prepaid:

John A. Tarantino, Esq.
Paul V. Curcio, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

William J. Kilberg, Esq.
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Karl G. Nelson, Esq.
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201

Karen Beaton, Esq.
Joseph V. Cavanagh, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, Rhode Island 02903

James S. Dittmar, Esq.
James O. Fleckner, Esq.
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109

Mitchell A. Karlan
Aric H. Wu
Gibson, Dunn & Crutcher LLP
200 Park Ave
47 Floor
New York, NY 10166-0193