***Oral Argument Requested***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated | : | |
| v. | : | C.A. No. 02-334S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated | : | |
| v. | : | C.A. No. 02-491S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |

**REPLY MEMORANDUM OF LAW OF DEFENDANT TEXTRON INC.**
**IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

JOHN A. TARANTINO (#2586)
PAUL V. CURCIO (#1965)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604

WILLIAM J. KILBERG (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

MITCHELL A. KARLAN (*pro hac vice*)
ARIC H. WU (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

KARL G. NELSON (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

July 18, 2005

Attorneys for Defendant Textron Inc.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................1

ARGUMENT ..................................................2

I. DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST MS. SIMON-GRECH AND MS. LALONDE SHOULD BE GRANTED ..................2

A. Ms. Simon-Grech And Ms. LaLonde Have No Standing To Sue ....................3

B. Textron Is Entitled To Summary Judgment On Any Purported Claim Based On Textron's Adoption Or Failure To Amend The Plan .............7

CONCLUSION ..................................................10

# TABLE OF AUTHORITIES


**Page(s)**

*Astor v. IBM Corp.*, 7 F.3d 533 (6th Cir. 1993)........................................................................ 5

*Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003 (9th Cir. 1998) .................................. 5, 6

*Brengettsy v. LTV Steel (Republic) Hourly Pension Plan*, 241 F.3d 609 (7th Cir. 2001) ............. 4

*Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 1992) .................................................. 5

*Crawford v. Lamantia*, 34 F.3d 28 (1st Cir. 1994) ................................................................ 4, 7

*Crawford v. Magee*, Civ. A. No. 89-1038, 1993 WL 438463 (D. Mass. Oct. 12, 1993) ............. 6

*Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995) ................................................. 8, 9

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).................................................. 3, 4

*Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1 (D.D.C. 2000) .......... 10

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999) ............................................................ 8

*Katzoff v. Eastern Wire Prods. Co.*, 808 F. Supp. 96 (D.R.I. 1992)............................................ 5

*LaLonde v. Textron Inc.*, 369 F.3d 1 (1st Cir. 2004) ................................................................... 3

*Lockheed Corp. v. Spink*, 517 U.S. 882 (1996)........................................................................ 8, 10

*Mullins v. Pfizer, Inc.*, 23 F.3d 663, 667 (2d Cir. 1994)................................................................ 5

*Nahigian v. Leonard*, 233 F. Supp. 2d 151 (D. Mass. 2002)...................................................... 4

*Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786 (7th Cir. 1996) ..................................... 5

*Pegram v. Herdrich*, 530 U.S. 211 (2000)............................................................................. 8, 10

*Scopone v. King Pharms., Inc.*, No. 2:03-CV-300 (E.D. Tenn. 2005) ........................................ 7

*Sommers Drug Stores v. Corrigan*, 883 F.2d 345 (5th Cir. 1989)........................................... 6, 7

*Swinney v. General Motors Co.*, 46 F.3d 512 (6th Cir. 1995)..................................................... 5

*Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947 (6th Cir. 1990).................... 4

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) ............................................................................. 2, 8

*Vartanian v. Monsanto Co.*, 14 F.3d 697 (1st Cir. 1994) ........................................................ 4, 5

*Waller v. Blue Cross of California*, 32 F.3d 1337 (9th Cir. 1994) .............................................. 6

Defendant Textron Inc. ("Textron") respectfully submits this reply memorandum of law in further support of its cross-motion for summary judgment against plaintiffs Machelle Simon-Grech and Linda LaLonde.[1]

## INTRODUCTION

With their opposition papers, plaintiffs have greatly simplified this cross-motion. Indeed, plaintiffs admit that Ms. Simon-Grech and Ms. LaLonde are no longer employees of Textron and have no expectation of returning to work for Textron. Plaintiffs also do not dispute that Ms. Simon-Grech and Ms. LaLonde have received all the vested benefits due to them under the Plan documents and that Ms. Simon-Grech and Ms. LaLonde are no longer participants in the Textron Savings Plan. Under well-established precedent, former employees who already have received all the benefits due to them under a plan have no standing to sue under ERISA. The only exception to this rule recognized by the First Circuit is where it has been alleged that the former employees would be participants in a plan *but for* the defendant's alleged breach of fiduciary duty. The alleged breach of fiduciary duty here has no relationship whatsoever to the named plaintiffs' status as participants or the termination of their employment.

---

1 Plaintiffs do not dispute that the only remaining defendant in this action is Textron. *Compare* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and in Support of Cross-Motion for Summary Judgment, dated May 19, 2005 ("D's Class and SJ Br."), at 1 n.1, *with* Plaintiffs' Opposition to Textron, Inc.'s Cross-Motion for Summary Judgment, dated June 20, 2005 ("Ps' SJ Opp. Br."), at 1-8, and Plaintiffs' Reply Memorandum of Law in Further Support of Motion for Class Certification, dated June 29, 2005 ("Ps' Class Reply Br."), at 1-16.

Plaintiffs' opposition papers also confirm that Ms. Simon-Grech and Ms. LaLonde cannot sustain a breach of fiduciary duty claim based on Textron's adoption or failure to amend the Plan. Though plaintiffs assert that "because Textron was the plan administrator . . . there exists a question of fact whether Textron was acting in its capacity as a fiduciary rather than solely as an employer [with respect to its decisions to amend the plan]" (Ps' SJ Opp. at 6), plaintiffs' own purported authority confirms that "amending or terminating a plan (or a common-law trust) is beyond the power of a plan administrator." *Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996) (Ps' SJ Opp. Br. at 6 n.3). In asserting that Textron, as plan administrator, nonetheless "had the discretionary authority to limit the availability of the ESOP fund" (Ps' SJ Opp. Br. at 8), plaintiffs suggest that Textron should be held to a fiduciary standard for its decision not to alter the plain language of the Plan which mandated that participants' "Required Contributions" be invested in the Textron Stock Fund. As the Supreme Court repeatedly has made clear, the act of amending a plan is a settlor function not subject to fiduciary standards.

For these and all the other reasons set forth herein, defendant's cross-motion for summary judgment against named plaintiffs Ms. Simon-Grech and Ms. LaLonde should be granted.

## ARGUMENT

### I. DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST MS. SIMON-GRECH AND MS. LALONDE SHOULD BE GRANTED

Plaintiffs concede each and every one of the facts alleged by defendant to be undisputed. *Compare* D's Statement of Undisputed Facts, dated May 19, 2005, ¶¶ 1-15, *with* Ps' Counter-Statement of Undisputed Facts, dated June 20, 2005, ¶¶ 1-15. As set forth below, Textron is therefore entitled to summary judgment against Ms. Simon-Grech and Ms. Lalonde.

A. **Ms. Simon-Grech And Ms. LaLonde Have No Standing To Sue**

Plaintiffs do not dispute that Ms. Simon-Grech and Ms. LaLonde are no longer employees of Textron and no longer participants in the Textron Savings Plan. *See* Ps' SJ Opp. Br at 2; Ps' Counter-Statement of Undisputed Facts, ¶¶ 1-2. Plaintiffs also do not dispute that, as former employees, Ms. Simon-Grech and Ms. LaLonde only may be deemed "participants" in a plan with standing to sue under ERISA if they have (1) "a reasonable expectation of returning to covered employment" or (2) "a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).[2]

Forced to concede that Ms. Simon-Grech and Ms. LaLonde have no expectation of returning to work for Textron (*see* Ps' SJ Opp. Br at 2; Ps' Counter-Statement of Undisputed Facts, ¶ 4), plaintiffs are reduced to a tortured argument that they somehow have "a colorable claim to vested benefits." Neither Ms. Simon-Grech nor Ms. LaLonde dispute, however, that each already has received all the benefits due to them under the Plan. Indeed, plaintiffs fail to identify any benefits that Ms. Simon-Grech or Ms. LaLonde are allegedly owed under the Plan.[3]

---

[2] In their opposition brief to defendant's cross-motion for summary judgment, plaintiffs act as if defendant's argument on the named plaintiffs' lack of standing amounted to two pages and only one case. *Compare* Ps' SJ Opp. Br. at 1-2, 5, *with* D's Class and SJ Br. at 11-14, 25-26. As set forth plainly in defendant's prior brief, defendant's cross-motion argument on standing incorporated by reference all the arguments on standing set forth in its opposition to plaintiffs' class certification motion. *See* D's Class and SJ Br. at 25.

[3] Instead, plaintiffs conclusorily assert that Ms. Simon-Grech and Ms. LaLonde *must have* "a colorable claim to vested benefits" because "the viability of plaintiffs' claims have been sustained by the First Circuit in *LaLonde v. Textron Inc.*, 369 F.3d 1 (1st Cir. 2004)." Ps' Class Reply Br. at 12. *See also* Ps' Counter-Statement of Undisputed Facts, ¶¶ 16, 18. Plaintiffs ignore, however, that the First Circuit's decision concerned plaintiffs' appeal of the dismissal of their action at the pleading stage – *i.e.*, without the benefit of any facts from discovery. Discovery has since revealed, *inter alia*, that the

[Footnote continued on next page]

Where, as here, the named plaintiffs are former employees who already have received all the benefits due to them under a plan, the named plaintiffs have no standing to sue under ERISA. *See Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir. 1994) (granting summary judgment against former employee who "collected all vested benefits then due him from the ESOP"); *Brengettsy v. LTV Steel (Republic) Hourly Pension Plan*, 241 F.3d 609, 612 (7th Cir. 2001) (granting summary judgment against plaintiff who "received the full benefits to which the plan documents entitled him"); *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 952 (6th Cir. 1990) (finding no standing because "the plaintiffs here have also accepted the payment of everything due them under the Plan").

Plaintiffs' attempted reliance on *Vartanian v. Monsanto Co.*, 14 F.3d 697 (1st Cir. 1994), is misguided. As Textron noted in its opening brief, divested participants have been deemed to have standing only when it has been alleged that *but for* the defendant's breach of fiduciary duty, they would be participants in a plan. *See* D's Class and SJ Br. at 13-14 n.6. *Vartanian* is one of those cases and has no application here. *See Nahigian v. Leonard*, 233 F. Supp. 2d 151, 167 (D. Mass. 2002) ("*Vartanian* has generally been read narrowly, as creating an exception to the *Firestone* definition of participant only in cases, as in *Vartanian*, where the employee would still be a participant in the plan . . . but for the employer's malfeasance."). In *Vartanian*, the named plaintiff accepted one retirement package but failed to qualify for a more generous retirement

---

[Footnote continued from previous page]

named plaintiffs are no longer participants in the Textron Savings Plan, have no expectation of returning to employment at Textron and have received all the benefits due to them under the Plan. In addition, the named plaintiffs have specifically conceded in discovery that they will not benefit if Textron is ordered to give money to the Plan. *See* Simon-Grech Tr. at 46: 16-19; LaLonde Tr. at 22: 17-23. None of these or any of the other facts set forth in Textron's Statement of Undisputed Facts were before the First Circuit when it rendered its decision more than a year ago in May 2004.

package because the defendant company allegedly misled the plaintiff into believing that the more generous retirement package was not imminent. *Vartanian*, 14 F.3d at 699. Recognizing that "the employer should not be able through its own malfeasance to defeat the employee's standing," the First Circuit declined to dismiss the plaintiff's claim for lack of standing because "'but for' Monsanto's wrongful conduct, he would be a 'participant' in the 1991 Plan." *Id.* at 702-03. Plaintiffs' assertion that *Vartanian* involved "a factual setting identical to the facts here" and that they "fall squarely within the holding in *Vartanian*" (Ps' Class Reply Br. at 12), is thus fanciful. Plaintiffs here do not allege that any purported breach of fiduciary duty caused them to lose their status as participants. Nor could they. The alleged breach of fiduciary duty (*see, e.g.*, Am. Comp. ¶¶ 64-66), has no relationship to the named plaintiffs' status as participants or the termination of their employment. *See Katzoff v. Eastern Wire Prods. Co.*, 808 F. Supp. 96, 100 (D.R.I. 1992) (finding that the named plaintiff had no standing to sue under ERISA because "the violation being challenged did not in and of itself deprive plaintiff of standing").[4]

---

[4] Plaintiffs' reliance on cases in which the defendant's alleged breach of fiduciary duty terminated the plaintiffs' status as participants is thus misplaced. *See, e.g., Swinney v. General Motors Co.*, 46 F.3d 512, 518 (6th Cir. 1995) (finding standing where "a former employee would have been in a class eligible to become a member of the plan but for the fiduciary's alleged breach of duty"); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1221 (5th Cir. 1992) ("but for the employer's conduct alleged to be in violation of ERISA, the employee would be a current employee with a reasonable expectation of receiving benefits, and the employer should not be able through its own malfeasance to defeat the employee's standing); *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 667 (2d Cir. 1994) ("but for the fact that Pfizer misled him, he would have been a 'participant' in the VSO"); *Astor v. IBM Corp.*, 7 F.3d 533, 534, 539 (6th Cir. 1993) (IBM developed program "to induce voluntary employment terminations" and "the plaintiffs-appellants/cross-appellees are contesting IBM's actions leading to the employees' decisions to participate in the Program"); *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 788 (7th Cir. 1996) (plaintiff did not qualify for severance benefits because "LCI altered the terms of its severance benefits plan so as to condition eligibility for benefits on a release of claims against the company" and LCI allegedly failed to notify plaintiff of the release requirement prior to his termination). Moreover, as the Ninth Circuit noted in *Bast v. Prudential Ins. Co. of America*, 150

[Footnote continued on next page]

Simply put, neither Ms. Simon-Grech nor Ms. LaLonde has any claim or stake in this litigation. Both have received all the benefits due to them under the Plan and, as Ms. Simon-Grech and Ms. LaLonde have acknowledged, they will not benefit if Textron is ordered to give money to the Plan because they are no longer participants in the Plan. *See* Simon-Grech Tr. at 46: 16-19; LaLonde Tr. at 22: 17-23. Moreover, contrary to plaintiffs' spurious claim that Textron is somehow seeking to "escape liability merely by terminating the affected participants" (Ps' SJ Opp. Br. at 3), plaintiffs cannot dispute that defendant's alleged breach of fiduciary duty did not cause Ms. Simon-Grech and Ms. LaLonde to lose their status as participants in the Plan and that "there remain a large number of potential plaintiffs, who continue to be employees and participants in the ESOP plan." *Crawford v. Magee*, 1993 WL 438463, at *3 (D. Mass. Oct. 12, 1993), *aff'd*, 34 F.3d 28 (1st Cir. 1994). This is not a situation, therefore, in which "if the [named plaintiffs] were not deemed to have standing to maintain the ERISA action, there would be no opportunity for private enforcement of the rights established by ERISA." *Id.*[5]

---

[Footnote continued from previous page]

F.3d 1003, 1011 (9th Cir. 1998), its prior decision in *Waller v. Blue Cross of California*, 32 F.3d 1337, 1339 (9th Cir. 1994), is limited to cases in which a defendant allegedly reaps ill-gotten profits by taking money from a plan. There are no allegations that Textron stole money from the Plan. Accordingly, *Waller* is inapplicable. *See Bast*, 150 F.3d at 1011 (finding *Waller* inapplicable and granting summary judgment to defendant because "while Prudential may have been unjustly enriched, it did not take money from the Plan").

5 Plaintiffs' reliance on *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir. 1989) is thus misplaced. Unlike here where there continue to be participants in the Textron Savings Plan, *Sommers* concerned the liquidation of a plan so that only former plan participants could bring suit. *See Crawford*, 1993 WL 438463, at *3 (finding *Sommers* inapplicable because "in the present case, the alleged breach of fiduciary duty related to the ESOP paying too much for the stock of Arthur D. Little" and "did not [like *Sommers*] relate to the liquidation of the ESOP plan"). Moreover, in *Sommers*, the court expressly acknowledged that "a plaintiff who seeks the recovery for the trust of an unascertainable amount, with no demonstration that the recovery will directly effect payment to him" is pursuing an award for money damages, rather than a "colorable

[Footnote continued on next page]

In the absence of any standing to sue on the part of Ms. Simon-Grech and Ms. LaLonde, Textron is entitled to summary judgment against them. *See Scopone v. King Pharms., Inc.*, No. 2:03-CV-300, slip. op. at 4, 6 (E.D. Tenn. 2005) ("Plaintiff indeed has no standing. He is a *former* employee, and a *former* plan participant. . . . Nor does he have a 'colorable claim' of vested benefits – he cashed in the assets of his 401(k) plan long ago. . . . As far as this purported class action is concerned, Mr. Scopone is an officious intermeddler.") (DA Ex. P).

**B. Textron Is Entitled To Summary Judgment On Any Purported <u>Claim Based On Textron's Adoption Or Failure To Amend The Plan</u>**

Plaintiffs do not dispute that Textron is entitled to summary judgment on any purported claim against Textron based on its adoption of the Plan. And with good reason: "Nothing in ERISA requires employers to establish employee benefit plans. Nor does ERISA mandate what

[Footnote continued from previous page]

claim to vested benefits." 883 F.2d at 350. Because *Sommers* involved a liquidation, the court found that plaintiffs there had asserted a claim for "an ascertainable amount allegedly owed them at the time they received their lump sum." *Id.* Here, there was no liquidation and discovery has confirmed that what Ms. Simon-Grech and Ms. LaLonde are seeking is "an unascertainable amount" of money damages "with no demonstration that the recovery will directly effect payment" to them. Plaintiffs allege that Textron breached a fiduciary duty by "prevent[ing] plaintiffs and class members to diversify their retirement accounts." Am Comp. ¶ 65. Yet, Ms. LaLonde concedes she had no desire to diversify her Plan account. *See* LaLonde Tr. at 12: 2-6. In fact, plaintiffs concede that Ms. LaLonde aggressively increased the concentration of Textron stock in her Plan account *even after Textron's disclosure of downward accounting adjustments in the third quarter of 2001*. *See* Ps' Counter-Statement of Undisputed Facts, ¶ 14; LaLonde Final Putnam Account Statement (DA Ex. K). Plaintiffs thus cannot demonstrate that Textron's alleged failure to allow Plan participants to diversify their accounts had any direct and inevitable impact on Ms. Lalonde's benefits. *See Crawford*, 34 F.3d at 33 (finding that the named plaintiff had no standing because "plaintiff has failed to show that defendants' alleged breach of fiduciary duty had a direct and inevitable effect on his benefits"). Similarly, plaintiffs cannot demonstrate that Textron's alleged breach of fiduciary duty to "cause/allow any class member to continue to be an investor in Textron stock" (Am. Comp. ¶ 66), had any direct and inevitable impact on Ms. Simon-Grech's benefits. Plaintiffs concede that, though free to do so in 2002, Ms. Simon-Grech opted *not* to divest her account of Textron stock until nearly two years later on December 14, 2004, when she reaped a significant *profit*. *See* Ps' Counter-Statement of Undisputed Facts, ¶ 13.

kind of benefits employers must provide if they choose to have such a plan." *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). Unable to gainsay this authority, plaintiffs offer little opposition to Textron's cross-motion for summary judgment on any claim based on the theory that Textron should have amended the Plan to recast in the fashion plaintiffs claim it should have been designed. *See* Ps' SJ Opp. Br. at 6-8.

As the Supreme Court has made abundantly clear, "*without exception*, plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 445 (1999) (emphasis added). Nonetheless, plaintiffs assert that "because Textron was the plan administrator . . . there exists a question of fact whether Textron was acting in its capacity as a fiduciary rather than solely as an employer [with respect to its decisions to amend the plan]." Ps' SJ Opp. at 6. Plaintiffs ignore, however, that "the [ERISA] statute does not describe fiduciaries simply as administrators of the plan." *Pegram v. Herdich*, 530 U.S. 211, 225 (2000). "Instead it defines an administrator, for example, as a fiduciary only 'to the extent' that he acts in such a capacity in relation to the plan." *Id.* at 225-26 (quoting 29 U.S.C. § 1002(21)(A)). As plaintiffs' own purported authority makes clear, "amending or terminating a plan (or a common-law trust) is beyond the power of a plan administrator." *Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996) (Ps' SJ Opp. Br. at 6 n.3).[6]

---

6 Plaintiffs cannot evade summary judgment with their vague assertion that "*Curtiss-Wright* recognized that plan administrators have fiduciary responsibility with respect to plan amendments." Ps' SJ Opp. Br. at 7. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995) concerned whether a provision in an employee benefit plan that stated "the Company reserves the right at any time to amend the plan" properly set forth an amendment procedure as required under ERISA Section 402(b)(3). *Id.* at 75. The Supreme Court held that the provision was sufficient and noted only that plan administrators must discharge their duties "in accordance with the documents and instruments governing the plan"

[Footnote continued on next page]

As a last resort, plaintiffs assert that "Textron had the discretionary authority to limit the availability of the ESOP fund." Ps' SJ Opp. Br. at 8. *See also* Ps' Counter-Statement of Undisputed Facts, ¶¶ 17, 21. Plaintiffs erroneously rely, however, on Section 8.01(a) of the Plan, which addresses the investment options for the portion of employee contributions over which participants controlled the right to select an investment vehicle. Ps' SJ Opp. Br. at 7. *See also* Plan Document §§ 8.02(c), 8.03(b)(1) (DA Ex. C) (noting that "the investment funds designated pursuant to Section 8.01" are for that portion of employee contributions over which participants exercise discretion). The disputed mandatory investment of half of all employee contributions (the "Required Contributions") and all employer matching contributions in Textron stock is governed by Section 8.02(b) which provides that during the relevant period "the Trustee *shall* invest 100% of all Matching Contributions, 50% of each Participant's Pre-Tax Contributions, and 50% of each Participant's After-Tax Contributions in the Textron Stock Fund." Plan Document § 8.02(b)(1) (emphasis added). Indeed, the Plan defines "Required Contributions" as "that portion of a Participant's Pre-Tax Contributions and After-Tax Contributions that are *required* to be invested in the Textron Stock Fund pursuant to Section 8.02(b)." Plan Document § 2.0(qq) (attached as Exhibit A to Defendant's Supplemental Appendix, dated July 18, 2005) (emphasis

---

[Footnote continued from previous page]

including by heeding any provisions governing the procedure for amending a plan so as to sort out "bona fide amendments from those that are not." *Id.* at 82 (citing 29 U.S.C. § 1104(a)(1)(D)). The alleged breach of fiduciary duty here does not concern any failure to sort out "bona fide amendments from those that are not." Rather, plaintiffs' contention is that "defendants breached their fiduciary duties in failing to vote for any amendments which would have allowed plaintiffs and the plan to avoid investing plan assets in Textron stock." Simon-Grech Answer to Interrogatory No. 3 (DA Ex. L); LaLonde Answer to Interrogatory No. 3 (DA Ex. M). As the Supreme Court reiterated in *Curtiss-Wright*, the act of amending a plan does *not* implicate any fiduciary standards. *Curtiss-Wright*, 514 U.S. at 78 ("that Curtiss-Wright amended its plan to deprive respondents of health benefits is not a cognizable complaint under ERISA").

added). *See also* Plan Document § 8.03(b)(2) (DA Ex. C) ("a Participant's Required Contributions *shall* be invested in the Textron Stock Fund"). Thus, only an amendment to the terms of the Plan would have allowed plaintiffs "to avoid investing plan assets in Textron stock." Simon-Grech Answer to Interrogatory No. 3 (DA Ex. L); LaLonde Answer to Interrogatory No. 3 (DA Ex. M). As the Supreme Court has made clear, "the act of amending a pension plan does not trigger ERISA's fiduciary provisions." *Lockheed*, 517 U.S. at 891.

Accordingly, Textron is entitled to summary judgment against Ms. Simon-Grech and Ms. Lalonde on any purported claim based on Textron's adoption of or failure to amend the Plan. *See Pegram*, 520 U.S. at 226 (granting summary judgment because "an employer's decisions about the content of a plan are not themselves fiduciary acts"); *Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1, 5, 12-13 (D.D.C. 2000) (dismissing breach of fiduciary duty claim against trustees "responsible for the administration and operation of the Pension Fund" because they "do not engage in a fiduciary function when they design or amend a pension plan").

**CONCLUSION**

For all of the foregoing reasons, this Court should grant defendant's cross-motion for summary judgment against named plaintiffs Ms. Simon-Grech and Ms. LaLonde.

Dated: Providence, Rhode Island
July 18, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Shelley R. Zimmerman