UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-334S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-491S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |

**DEFENDANT'S RESPONSE TO THE PURPORTED ADDITIONAL FACTS IN PLAINTIFFS' COUNTER-STATEMENT OF UNDISPUTED FACTS**

Plaintiffs admit each and every one of the facts submitted by defendant Textron Inc. ("Textron") in its Statement of Undisputed Facts. *Compare* Textron's Statement of Undisputed Facts, dated May 19, 2005, ¶¶ 1-15, *with* Plaintiffs' Counter-Statement of Undisputed Facts, dated June 20, 2005, ¶¶ 1-15.

In Paragraphs 16-21 of their "Counter-Statement of Undisputed Facts," plaintiffs also purport to assert additional affirmative facts to which Textron responds as follows:

16. This is a legal conclusion, not a statement of fact. Moreover, plaintiffs' suggestion that their legal conclusion is somehow supported by the First Circuit's decision in *LaLonde v. Textron Inc.*, 369 F.3d 1 (1st Cir. 2004), is misguided. The First Circuit's decision concerned plaintiffs' appeal of the dismissal of their action at the pleading stage – *i.e.*, without the benefit of any facts from discovery. Discovery has since revealed, *inter alia*, that the named

plaintiffs are no longer participants in the Textron Savings Plan, have no expectation of returning to employment at Textron and have received all the benefits due to them under the Plan. *See* Simon-Grech Tr. at 4: 4-7, 46: 10-19 (DA Ex. A); LaLonde Tr. at 4: 8-12, 13: 6-10 (DA Ex. B). In addition, the named plaintiffs have specifically conceded in discovery that they will not benefit if Textron is ordered to give money to the Plan. *See* Simon-Grech Tr. at 46: 16-19; LaLonde Tr. at 22: 17-23. None of these or any of the other facts set forth in Textron's Statement of Undisputed Facts were before the First Circuit when it rendered its decision more than a year ago in May 2004.

17. This is an incomplete and immaterial statement of fact. Section 8.01(a) of the Plan, upon which plaintiffs rely for their assertion that Textron had "discretionary authority . . . to limit investments in the Textron Stock Plan," addresses the investment options for the portion of employee contributions over which participants controlled the right to select an investment vehicle. Plan Document § 8.01(a) (DA Ex. C). *See also* Plan Document § 8.02(c) (noting that "the investment funds designated pursuant to Section 8.01" are for that portion of employee contributions over which participants exercise discretion); Plan Document § 8.03(b)(1) (same). The disputed mandatory investment of half of all employee contributions and all employer matching contributions in Textron stock is governed by Section 8.02(b) which provides that during the relevant period "the Trustee *shall* invest 100% of all Matching Contributions, 50% of each Participant's Pre-Tax Contributions, and 50% of each Participant's After-Tax Contributions in the Textron Stock Fund." Plan Document § 8.02(b)(1) (emphasis added). *See also* Plan Document § 8.03(b)(2) (DA Ex. C) ("a Participant's Required Contributions *shall* be invested in the Textron Stock Fund") (emphasis added). Thus, only an amendment to the terms of the Plan would have allowed plaintiffs "to avoid investing plan assets in Textron stock." Simon-Grech

Answer to Interrogatory No. 3 (DA Ex. L); LaLonde Answer to Interrogatory No. 3 (DA Ex. M). As the Supreme Court repeatedly has made clear, the act of amending a plan is a settlor function not subject to fiduciary standards.

18. This is not a material fact on this cross-motion for summary judgment. The First Circuit's May 2004 decision concerned plaintiffs' appeal of the dismissal of their action at the pleading stage – *i.e.*, without the benefit of any facts from discovery. Discovery has since revealed, *inter alia*, that the named plaintiffs are no longer participants in the Textron Savings Plan, have no expectation of returning to employment at Textron and have received all the benefits due to them under the Plan. *See* Simon-Grech Tr. at 4: 4-7, 46: 10-19 (DA Ex. A); LaLonde Tr. at 4: 8-12, 13: 6-10 (DA Ex. B). In addition, the named plaintiffs have specifically conceded in discovery that they will not benefit if Textron is ordered to give money to the Plan. *See* Simon-Grech Tr. at 46: 16-19; LaLonde Tr. at 22: 17-23. None of these or any of the other facts set forth in Textron's Statement of Undisputed Facts were before the First Circuit when it rendered its decision more than a year ago in May 2004.

19. Textron agrees that Ms. Simon-Grech and Ms. LaLonde had, and have received, all the vested benefits due to them under the Plan documents.

20. Textron agrees that it was the Plan administrator during the relevant period, refers the Court to Section 17 of the Plan document for a complete and accurate statement of its contents and notes, as plaintiffs' own purported authority makes clear, that "amending or terminating a plan (or a common-law trust) is beyond the power of a plan administrator." *Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996) (cited in Plaintiffs' Opposition to Textron, Inc.'s Cross-Motion for Summary Judgment, dated June 20, 2005, at 6 n.3).

21. This is an incomplete and immaterial statement of fact. Section 8.01(a) of the Plan, upon which plaintiffs rely for their assertion that "Textron had authority and discretion to limit investments in the Textron Stock Fund," addresses the investment options for the portion of employee contributions over which participants controlled the right to select an investment vehicle. *See* Plan Document § 8.01(a) (DA Ex. C). *See also* Plan Document § 8.02(c) (noting that "the investment funds designated pursuant to Section 8.01" are for that portion of employee contributions over which participants exercise discretion); Plan Document § 8.03(b)(1) (same). The disputed mandatory investment of half of all employee contributions and all employer matching contributions in Textron stock is governed by Section 8.02(b) which provides that during the relevant period "the Trustee *shall* invest 100% of all Matching Contributions, 50% of each Participant's Pre-Tax Contributions, and 50% of each Participant's After-Tax Contributions in the Textron Stock Fund." Plan Document § 8.02(b)(1) (emphasis added). *See also* Plan Document § 8.03(b)(2) (DA Ex. C) ("a Participant's Required Contributions *shall* be invested in the Textron Stock Fund") (emphasis added). Thus, only an amendment to the terms of the Plan would have allowed plaintiffs "to avoid investing plan assets in Textron stock." Simon-Grech Answer to Interrogatory No. 3 (DA Ex. L); LaLonde Answer to Interrogatory No. 3 (DA Ex. M). As the Supreme Court repeatedly has made clear, the act of amending a plan is a settlor function not subject to fiduciary standards.

Dated: Providence, Rhode Island
July 18, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ____________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice pending*)
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Shelley L. Zimmerman