UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005, I hand delivered a true copy of the attached Plaintiffs' Motion and Memorandum of Law to (1) Amend Discovery Schedule and (2) To Compel Production of Documents to:

John A. Tarantino
Paul V. Curcio
ADLER POLLOCK & SHEEHAN
One Citizens Plaza
Providence, RI 02903

Karen Beaton, Esquire
Joseph V. Cavanagh, Esquire
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903

And mailed a true copy to:

Mitchell A. Karlan
Aric H. Wu
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esquire
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esquire
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

James S. Dittmar, Esquire
James O. Fleckner, Esquire
GOODWIN PROCTOR LLP
Exchange Place
53 State Street
Boston, MA 02109

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
JUN 09 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW TO (1) AMEND DISCOVERY SCHEDULE AND (2) TO COMPEL PRODUCTION OF DOCUMENTS**[1]

## A. Introduction

Plaintiffs respectfully move for an amendment to the Pretrial Order fact discovery deadline (from June 22, 2005 to October 15, 2004) entered on November 2, 2004 ("Order"), to extend the time for completing document and deposition discovery until October 15, 2005 and for an Order compelling defendants to produce all non-privileged responsive documents to

---

[1] This motion has been made within the time limit set forth in the Pretrial Order at ¶ 7.

plaintiffs First Request For Production of Documents. In accordance with Local Rule 12(a)(1), plaintiffs are not filing a separate memorandum of law, but states as follows:

This class action is brought under the ERISA statutes and generally contends that defendants were ERISA fiduciaries who breached their fiduciary duties to the plaintiffs and other similarly situated participants and beneficiaries of Textron, Inc.'s ("Textron's") defined contribution pension plans. Plaintiffs alleged that during the Class Period, (January 1, 2000 to December 31, 2001) the fiduciaries breached their duties by continuing to offer Textron stock to plan participants and continuing to maintain pension assets invested in Textron stock.

**B. The Procedural Posture of This Action**

This case is subject to a Pretrial Order entered by Judge Smith on November 2, 2004. See Exhibit 1. The Pretrial Order set a deadline for close of fact discovery by June 21, 2005. Id. at ¶ 1. At the outset of this case, and at the time of the setting of deadlines, it was contemplated by the parties and the Court that discovery in this action would coordinate with discovery in the securities purchasers' class action, Rosen v. Textron, Inc., et al., Civil Action No. 02-1905. It was also contemplated that plaintiffs in this action could utilize depositions conducted in the Rosen action of certain witnesses whose testimony would be relevant to the issues in this case. As a result, the deposition limit in this case remained set at 10 depositions for plaintiffs.

Since the discovery deadlines were set with an eye to the class action discovery schedule and to achieve the efficiencies of coordinated discovery, such coordination should continue and the discovery deadlines in this action should be extended to October 15, 2005. Courts routinely coordinate discovery between ERISA and securities fraud actions. See e.g., In re AOL Time Warner Inc. Securities And "ERISA" Litigation, 2003 U.S. Dist. LEXIS 116895 (S.D.N.Y. September 26, 2003); In re Worldcom ERISA Litig., 354 F. Supp. 2d 423, 426 (S.D.N.Y. 2005);

In re Royal Ahold N.V. Securities & ERISA Lit., 220 F.R.D. 246 (D. Md. 2004). Indeed, the parties have been able to avoid duplicative discovery burdens by agreeing that plaintiffs in this action would review the document discovery provided in the Rosen Action. See Exhibit 2.

The current posture of this action is that discovery of plaintiffs by defendants including depositions of plaintiffs has been completed. Plaintiffs' motion for class certification filed in late January 2005, was opposed by defendants on May 22, 2005. Defendants' have filed a Rule 56 motion styled as a "cross-motion" although such creature appears not to exist under this Court's Local Rules. Moreover, defendants have not followed Judge Smith's Pretrial Order No. 1 direction. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Exhibit 1 at ¶ 3.

No depositions have been conducted because plaintiffs' have not obtained all relevant ERISA specific documents from defendants pursuant to Plaintiffs' Rule 34 Requests For Production Of Documents, served on defendants in January 2005. Defendants' written responses thereto were not served until well after the 30 day response period and such responses consisted mainly of untimely objections. See Exhibit 3. Defendants made some minimal document productions over the course of March and early April 2005. During that time, as documents were produced by defendants and reviewed by plaintiffs, the parties exchanged letters and conversations on document discovery issues. The result of those exchanges was that, in spirit of compromise, plaintiffs withdrew some of their specific requests. See Exhibit 4. In defendants' latest letter (April 26, 2005) they indicated more documents would be forthcoming but none have yet been produced since that letter was sent. See Exhibit 5.

No depositions have been taken in this action. One of the reasons has been plaintiffs' desire to carefully select witnesses for depositions in order to stay within the 10 deposition limit

of the Pretrial Order. See Exhibit 6. The other reason is that the sequencing of depositions is very important to plaintiffs' case. Plaintiffs believe their action can be more efficiently and effectively litigated by conducting deposition of fiduciaries in this case after the depositions of Textron's executive officers on issues of the company's operating and financial condition have been conducted in the Rosen Action. As the Court may be aware no depositions of defendants have been conducted in Rosen. The third reason has been defendants' oft stated position that any witness produced for a 30b-6 deposition will not be produced again for a deposition on substantive issues. See Exhibit 7.

## POINT I

## PLAINTIFFS SEEK AN ADDITIONAL FOUR MONTHS OF FACT DISCOVERY TIME TO ALLOW FOR COMPLETION OF DISCOVERY IN THIS ACTION

This Court's Pretrial Order set June 21, 2005 as the fact discovery cut off date. Plaintiffs request an additional four months to complete factual discovery with a corresponding enlargement of the other deadline dates set forth in Pretrial Order No. 1 for all of the reasons set forth above. Plaintiffs believe such a brief extension is fair and reasonable and will avoid prejudice to plaintiffs from defendants' refusal produce relevant documents and will achieve efficiencies of coordination of discovery in the ERISA and securities purchasers' class actions.

## POINT II

## PLAINTIFFS SEEK AN ORDER TO COMPEL DEFENDANTS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO PLAINTIFFS' RULE 34 REQUEST

In lieu of producing documents within 30 days of plaintiffs' service of Rule 34 requests, defendants produced untimely, blanket objections to plaintiffs request and/or over-narrowly limited the scope of their production. See Exhibit 4. Defendants' Responses and Objections To Plaintiffs' Request For Production Of Documents were served on March 18, 2005, well after the

30 day period set by the Federal Rules of Civil Procedure. Defendants did not seek any extensions of time to respond thereto. The responses are untimely. As a result, defendants' objections have been waived. See Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988); Day v. Boston Edison Company, 150 F.R.D. 16 (D. Mass. 1993); Marx v. Kelly Hart & Hallman, P.C., 929 F.2d 8, 11 n.2 (1st Cir. 1991).

Defendants' objections to plaintiffs' document requests concern relevancy. Exhibit 4. The specific discovery disputes are set forth below:

1. Defendants have objected to Request 27 on the grounds that it lacks a definition of "over concentration." In response, plaintiffs have defined "over concentration" to mean any percentage of TSP assets held in Textron stock that is greater than the percentage of Textron stock held by the Textron Master Trust. Plaintiffs have no choice but to accept for the time being defendants' complied representation that they have produced all documents responsive to Request Nos. 1, 4, 5, 6, 17, 25, 29, 30, 33, 34 and 38.

2. Defendants have not produced any documents responsive to Requests 9, 36 and 37 despite defendants' representation that they would do so.

3. Defendants have objected to the production of any documents responsive to Requests No. 18 and have objected to the production of certain documents responsive to Nos. 19, 20, 21, 22, 23, 26, 27, 31 and 32 on the grounds that the Requests in whole or in part refer to conduct that is not subject to fiduciary standards under Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 443-44 (1999).

   In response plaintiffs indicated to defendants that the Hughes decision applies to the scope of liability for persons who are not fiduciaries and who perform only "settler functions." Defendants' objections on Hughes grounds even extends to areas which Textron itself has admitted constitute "fiduciary activities" as one can plainly see by comparing the "fiduciary activities" of the typed described in Requests 19-23; 26-27 and 31-32.

4. Defendants have also failed to produce documents in response to Request No. 8 except for documents reflecting the appointments of Investment Committee members. That the scope of production is too narrow in light of applicable law and the fact that defendants' documents make clear that Textron considered fiduciary activities to include many of the areas identified in plaintiffs requests. Defendants' limitation on the production of documents responsive to Requests Nos. 10, 19, 20, 21, 22, 23, 24, 26, 28, 31, 32 and 39 to documents "that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan" is inappropriate in light of the fact that documents produce by Textron clearly indicate that the fiduciary responsibilities of various committee members extends much further than just the actual act of "investment of . . . contributions in the Textron Savings Plan." Defendants' objections to production responsive to Requests 12, 13 and 14 is similarly inappropriate.

5. Finally, defendants' objection to producing, in response to Request No. 15, anything other than documents that "reflect any discussion of the viability of Textron as a going concern" is wholly inappropriate and not consistent with the law.

**CONCLUSION**

WHEREFORE, plaintiffs respectfully request that the Court amended the Scheduling Order to permit fact discovery depositions to occur up to and including October 15, 2005 and compelling defendants to produce all documents responsive to plaintiffs' Requests Nos. 8-10, 12-15, 19-24, 26, 27, 31-32, 39.

Dated: June 9, 2005

Respectfully submitted,

David J. Strachman by Deborah M. Tate

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10018
Tel: 212-575-2092
Fax: 212-575-2184

LAW OFFICES OF CHARLES J. PIVEN P.A.
Charles J. Piven, Esq.
The World Trade Center
401 East Pratt Street - Suite 2525
Baltimore, Maryland 21202
Tel: 410-332-0030

Kenneth A. Wexler, Esq.
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street
Chicago, Illinois 60602
Tel: (312) 346-2222

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Tel: 205-328-9576
Fax: 205-328-9669

Counsel for the Plaintiffs