UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-334S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-491S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO AMEND DISCOVERY SCHEDULE AND COMPEL PRODUCTION OF DOCUMENTS**

For the reasons set forth in the accompanying memorandum of law, defendant Textron Inc. hereby objects to plaintiffs' motion to amend discovery schedule and compel production of documents.

Dated: Providence, Rhode Island
August 4, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Shelley R. Zimmerman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated | |
| v. | C.A. No. 02-334S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated | |
| v. | C.A. No. 02-491S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND DISCOVERY SCHEDULE AND COMPEL PRODUCTION OF DOCUMENTS**

JOHN A. TARANTINO (#2586)
PAUL V. CURCIO (#1965)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604

WILLIAM J. KILBERG (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

MITCHELL A. KARLAN (*pro hac vice*)
ARIC H. WU (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

KARL G. NELSON (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

August 4, 2005

Attorneys for Defendant Textron Inc.

Defendant Textron Inc. ("Textron") respectfully submits this memorandum of law in opposition to plaintiffs' motion to amend discovery schedule and compel production of documents, dated July 21, 2005.[1]

## INTRODUCTION

Plaintiffs did not file their motion until Judge Smith's deadline for fact discovery already had elapsed. *See* Pretrial Order, ¶ 1 (DA Ex. 2). Moreover, Judge Smith's deadline for plaintiffs' expert witness disclosures also has elapsed. *Id.* ¶ 2. As plaintiffs have made no expert witness disclosures, defendant has no rebuttal expert witness disclosures to make and plaintiffs are foreclosed under the terms of Judge Smith's Pretrial Order from having any experts testify at trial. *Id.*

Nothing has happened since Judge Smith's entry of the Pretrial Order that was not entirely anticipated. Textron respectfully requests that the Court deny plaintiffs' motion to amend discovery schedule and compel production of documents.

---

1 Plaintiffs erroneously assert that any opposition to their motion was due August 2, 2005. *See* Plaintiffs' Memorandum, dated July 21, 2005 ("Ps' Br.") at 1 n.1. Textron has timely filed its opposition in accordance with the Court Clerk's July 22, 2005 docket entry which states that responses to plaintiffs' motion are not due until August 4, 2005. *See* Docket Entry # 83. The August 2 opposition date to which plaintiffs refer concerned a prior motion, dated June 9, 2005, which this Court denied because plaintiffs failed to serve Textron with a copy of the motion. *See* 7/20/05 Order (attached as Exhibit 1 to Defendant's Appendix ("DA")).

Textron is the only party opposing plaintiffs' motion because, as plaintiffs have conceded, Textron is the only remaining defendant in this action. *Compare* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and in Support of Cross-Motion for Summary Judgment, dated May 19, 2005, at 1 n.1, and Reply Memorandum of Law of Defendant Textron Inc. in Further Support of Its Cross-Motion for Summary Judgment, dated July 18, 2005, at 1 n.1, *with* Plaintiffs' Opposition to Textron, Inc.'s Cross-Motion for Summary Judgment, dated June 20, 2005, at 1-8, and Plaintiffs' Reply Memorandum of Law in Further Support of Motion for Class Certification, dated June 29, 2005, at 1-16.

## CHRONOLOGY

Plaintiffs have unfortunately mischaracterized the chronology of events to date. Defendant sets forth below the proper chronology.

## I. IN NOVEMBER 2004, JUDGE SMITH ENTERS A PRETRIAL ORDER

On November 2, 2004, Judge Smith entered a Pretrial Order that established a fact discovery cut-off date of June 21, 2005. Pretrial Order, ¶ 1. Contrary to plaintiffs' assertion that this action should be coordinated with the *Rosen v. Textron Inc.* securities action (Ps. Br. at 2), at the November 2, 2004 scheduling conference, Judge Smith and the parties specifically discussed and agreed that the two cases could and should proceed on separate tracks. Indeed, it was contemplated that this action should proceed on an *accelerated* basis so that dispositive motions in this action would be filed by no later than October 6, 2005, or at least three months before any dispositive motions in the *Rosen* action. Pretrial Order, ¶ 3.

## II. IN JANUARY 2005, PLAINTIFFS SERVE THEIR DOCUMENT DEMAND

More than two months after Judge Smith entered the Pretrial Order, plaintiffs served a document demand on Textron that contained more than 40 separate requests. *See* Plaintiffs' Document Demand, dated January 10, 2005 (DA Ex. 3).

## III. IN FEBRUARY 2005, TEXTRON COMMENCES ITS PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Plaintiffs erroneously assert that Textron did not produce documents until March 2005. Ps' Br. at 3. In fact, Textron commenced its production of documents to plaintiffs on February 11, 2005. *See* 2/11/05 Letter to Lee Squitieri (DA Ex. 4). Moreover, plaintiffs' assertion that Textron's formal responses and objections to their document requests were untimely because "defendants did not seek any extensions of time to respond" (Ps' Br. at 5), is false. Indeed, as set

forth plainly in a February 2005 e-mail to plaintiffs' counsel: "[W]e will begin production of Plan documents to you this week. However, we will need time to finalize our formal responses and objections to plaintiffs' document requests and should be in a position to provide them to you the week after the class certification depositions. Please let us know if plaintiffs have any problems with that schedule." 2/7/05 E-mail to Lee Squitieri (DA Ex. 5). Plaintiffs' counsel never indicated any problem with that schedule, and Textron served its responses and objections to plaintiffs' document requests before class certification depositions were held.

## IV. IN MARCH AND APRIL 2005, THE PARTIES EXCHANGE CORRESPONDENCE ON DISPUTED DOCUMENT REQUESTS

In March and April 2005, the parties exchanged correspondence on disputed document requests. *See* 3/31/05 Letter from Lee Squitieri (DA Ex. 6); 4/20/05 Letter from Lee Squitieri (DA Ex. 7); 4/26/05 Letter to Lee Squitieri (DA Ex. 8).

In its letter dated April 26, 2005, counsel for Textron set forth in detail defendant's position on the disputed document requests and advised plaintiffs' counsel that they were available for a meet and confer. *See* DA Ex. 9, at 2.

## V. IN MAY 2005, TEXTRON MOVES FOR SUMMARY JUDGMENT

On May 19, 2005, Textron moved for summary judgment on the grounds that the named plaintiffs have no standing to sue and that, as a matter of law, no claim can be based on Textron's adoption or failure to amend the Textron Savings Plan. *See* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and in Support of Cross-Motion for Summary Judgment, dated May 19, 2005, at 11-14, 24-27, and Reply Memorandum of Law of Defendant Textron Inc. in Further Support of Its Cross-Motion for Summary Judgment, dated

July 18, 2005, at 1-10. Textron's summary judgment motion is now fully briefed. Oral argument on the motion will be held on September 15, 2005.

## VI. IN JUNE 2005, PLAINTIFFS FAIL TO RESPOND TO DEFENDANT'S APRIL 2005 OFFER TO MEET AND CONFER AND INSTEAD FILE A MOTION TO COMPEL

Plaintiffs never responded to defendant's April 2005 offer to meet and confer. *See* DA Ex. 9, at 2; 6/17/05 Letter to Lee Squitieri, at 2 (DA Ex. 9). Instead, in June 2005, plaintiffs apparently filed a motion to compel. Plaintiffs failed, however, to serve defendant with a copy of that motion. On July 19, 2005, this Court denied plaintiffs' motion to compel. *See* 7/19/05 Order (DA Ex. 10). Rather than seek a meet and confer, plaintiffs filed this new motion to compel on July 21, 2005. Contrary to plaintiffs' assertion that defendant has "indicated more documents would be forthcoming but none have yet been produced" (Ps' Br. at 3), defendant long ago advised plaintiffs that its document production was complete. *See* DA Ex. 9, at 2.

## ARGUMENT

## I. PLAINTIFFS' MOTION TO AMEND JUDGE SMITH'S DISCOVERY SCHEDULE SHOULD BE DENIED

As demonstrated by the foregoing chronology, any difficulties that plaintiffs are having are their own fault, the result of their own inattentiveness. They waited to serve document requests, failed to respond to defendant's offer to meet and confer, waited to file a motion to compel and failed to serve defendant with a copy of the motion and have now filed a new motion to compel, again without responding to defendant's offer to meet and confer. Plaintiffs also have failed to make expert witness disclosures in accordance with Judge Smith's Pretrial Order. This lawsuit was commenced over three years ago on July 26, 2002, and defendant is entitled to a

resolution. This Court should not excuse plaintiffs' failure to act in a timely manner by granting a four-month extension of the discovery deadlines in Judge Smith's Pretrial Order.[2]

## II. PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED

As set forth above, plaintiffs failed to respond to defendant's offer to meet and confer. *See* DA Exs. 8 and 9. And, in violation of note 1 of the Local Rules and Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, plaintiffs have failed to certify that they have met and conferred with defendant in an attempt to resolve the parties' document discovery disputes prior to filing a motion to compel. For this reason alone, plaintiffs' motion to compel should be denied. *See Hasbro v. Serafino*, 168 F.R.D. 99, 101-02 (D. Mass. 1996) (denying motion to compel because movant failed to certify that it sought a meet and confer to resolve the parties' discovery dispute without motion practice).[3]

Plaintiffs' motion to compel is meritless in any event:

**Document Request No. 27**

On April 26, 2005, Textron set forth for plaintiffs in detail its position on document request no. 27:

---

[2] Plaintiffs fail to explain what bearing the depositions in the *Rosen* action have on this action. Moreover, as set forth in Point I of the Chronology above, during the November 2, 2004 scheduling conference in this action, Judge Smith and the parties specifically discussed and agreed that this action and the *Rosen* action could and should proceed on separate tracks.

[3] As set forth above in Point III of the Chronology, plaintiffs' assertion that Textron's objections to their document requests are untimely because "defendants did not seek any extensions of time to respond" (Ps' Br. at 5), is false. *See* Chronology Point III; 2/7/05 E-mail to Lee Squitieri (DA Ex. 5). Thus, plaintiffs' contention that Textron has somehow waived its right to object to plaintiffs' document requests should be rejected. *See, e.g., Cotto v. Clark Investigations & Security Servs., Ltd.*, 2003 WL 22358797, at *1 (S.D.N.Y. Oct. 16, 2003) (rejecting plaintiffs' motion to compel because "defendants did not act in bad faith, and th[e] plaintiff has not been prejudiced by the delay in receiving the defendants' responses").

> Plaintiffs' attempt to obtain documents relating to settlor functions is likewise misguided. Plaintiffs' remaining claims concern alleged breaches of fiduciary duties. *See Lalonde*, 369 F.3d at 3. Document request nos. 19-23, 26-27 and 31-32 concern the composition, design or benefit structure of the Textron Savings Plan. As the Supreme Court has made clear, "an employer's decision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the employer's fiduciary duties." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999). Based on this holding, defendants' objection to Request 27 goes beyond the "lack of a definition of 'overconcentration.'" Document Request 27 asks for documents that are specifically concerned with the design decisions made by the plan fiduciaries and are clearly exempt from discovery based on *Hughes*.

DA Ex. 8, at 2.

In their motion to compel, plaintiffs make no serious attempt to address Textron's position as articulated in the April 26 letter. Instead, plaintiffs conclusorily assert that *Hughes* and the myriad other Supreme Court decisions holding that the composition or design of a plan does not implicate fiduciary duties only applies to persons "who are not fiduciaries [at all] and who perform only settler [sic] functions." Ps. Br. at 5. Plaintiffs fail to cite any authority for their position. Nor could they. *See, e.g., Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1, 5, 12-13 (D.D.C. 2000) (dismissing breach of fiduciary duty claim against board of trustees who are "a fiduciary within the meaning of ERISA" and "responsible for the administration and operation of the Pension Fund" because they "do not engage in a fiduciary function when they design or amend a pension plan").[4]

---

[4] For an expanded discussion on plaintiffs' attempt to pursue a claim based on settlor functions contrary to myriad Supreme Court precedent, Textron respectfully refers the Court to relevant portions of its summary judgment motion papers. *See* Defendant's Memorandum of Law in Support of Cross-Motion for Summary Judgment, dated May 19, 2005, at 26-27 (DA Ex. 11), and Reply Memorandum of Law of in Further Support of Its Cross-Motion for Summary Judgment, dated July 18, 2005, at 7-10 (DA Ex. 12).

**Document Request Nos. 9, 36 & 37**

Again ignoring defendant's April 26 letter, plaintiffs erroneously assert that "defendants have not produced any documents responsive to Requests 9, 36 and 37." Ps' Br. at 5. In fact, as Textron previously has advised plaintiffs' counsel:

> You erroneously assert that defendants have failed to produce documents responsive to document request no. 9. The Textron Savings Plan document, the Summary Plan Description, and the 'Notice to Participants in the Textron Savings Plan' updates distributed during the relevant period all reflect the Textron Savings Plan's compliance with the standards of ERISA § 404(c) with respect to the "Optional Contribution" portion of participants' Plan contributions. *See, e.g.* TXT 1-315. . . .
>
> [Y]ou also erroneously assert that defendants have failed to produce any documents they indicated they would produce in response to document request nos. 36 and 37. *See, e.g.*, TXT 2252-2290. Defendants continue to search for additional documents that reflect the participants or the participants' holdings in the Textron Savings Plan during the putative class period. As you know, however, the putative class period dates back several years to 2000 and 2001.

DA Ex. 8, at 2. Moreover, though under no obligation to do so, Textron subpoenaed Putnam Fiduciary Trust Company for documents that would include information sought by plaintiffs in document request nos. 36 and 37. *See* Putnam Subpoena (DA Ex. 13). Putnam produced documents in response to that subpoena, and Textron promptly provided plaintiffs a copy set of Putnam's production. *See* 7/14/05 Letter to Lee Squitieri (DA Ex. 14).

**Document Request Nos. 8, 10, 12-14, 19-24, 26-28 & 31-32**

Textron incorporates by reference its arguments above relating to document request no. 27. In addition, Textron refers the Court and the plaintiffs to the following passage from its April 26 letter to plaintiffs' counsel:

> Plaintiffs' remaining claims in this action are premised on the allegation that "in investing so much of the class's funds in Textron stock during the class period, defendants violated duties of loyalty." *Lalonde v. Textron, Inc.*, 369 F.3d 1, 3 (1st Cir. 2004). Yet, with document demand nos. 8, 10, 19, 20, 21, 22, 23, 24, 26, 28, 31, 32, and 39, you assert that plaintiffs are somehow entitled to documents relating to "fiduciary responsibilities" other than those concerning the "exercise of any

> discretionary authority . . . with respect to the investment of employee or employer contributions in the Textron Savings Plan." For example, plaintiffs demand documents relating to the Investment Committee's alleged duties to "hire/fire managers, trustee, consultants, etc." and "review performance, staff and costs." Those alleged duties are not at issue in this case and you fail to provide any explanation as to how they are relevant to plaintiffs' remaining claims.

DA Ex. 8, at 1.

In their motion to compel, plaintiffs make no attempt to explain why they should be entitled to anything more than what Textron already has produced – *i.e.*, "non-privileged documents that reflect the exercise of any discretionary authority on the part of defendant with respect to the investment of employee or employer contributions to the Textron Savings Plan." Defendant's Specific Responses to Plaintiffs' Document Requests (Exhibit 3 to Plaintiffs' Motion to Compel). Instead, plaintiffs conclusorily assert that limiting discovery to their actual claim is "inappropriate." Ps' Br. at 6. That is not the law. *See Hill v. Motel 6*, 205 F.R.D. 490, 492 (S.D. Ohio 2001) ("Rule 26(b)(1) now focuses discovery *on the actual claims and defenses at issue in the case.*") (emphasis added).

**<u>Document Request No. 15</u>**

Plaintiffs again ignore Textron's April 26 letter to plaintiffs' counsel which set forth in detail Textron's position on document request no. 15:

> As to document request no. 15, you erroneously assert that "defendants' objection to producing . . . anything other than documents that 'reflect any discussion of the viability of Textron as a going concern' is wholly inappropriate and not consistent with the law." To the contrary, as courts have made clear, it is the plaintiffs' burden in an ERISA action to establish that the ESOP fiduciaries had knowledge of company mismanagement and an impending company collapse. *See In re Duke Energy ERISA Litigation*, 281 F. Supp.2d 786, 793 (W.D.N.C. 2003).

DA Ex. 8, at 2.

In their motion to compel, plaintiffs make no attempt to address Textron's position as articulated in the April 26 letter.

In sum, plaintiffs' motion to compel is both procedurally improper and substantively devoid of any legal basis. Accordingly, plaintiffs' motion to compel production of additional documents responsive to document request nos. 8-10, 12-15, 19-24, 26-27, 31-32 and 39 should be denied.

## CONCLUSION

For all the reasons set forth herein, Textron respectfully requests that this Court deny plaintiffs' motion to amend discovery schedule, deny plaintiffs' motion to compel production of documents and award such other and further relief as the Court deems appropriate.

Dated: Providence, Rhode Island
August 4, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ____________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Shelley R. Zimmerman