UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA LALONDE, Individually and on behalf of all others similarly situated | : | |
| v. | : | C.A. No. 02-334S (Consolidated With C.A. No. 02-491S) |
| TEXTRON, INC., et al. | : | |

## MEMORANDUM AND ORDER

Before the Court for determination is Plaintiffs' Motion to Amend Discovery Schedule and to Compel Production of Documents (Document No. 55) filed on July 21, 2005. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on October 7, 2005. For the reasons discussed below, Plaintiffs' Motion is DENIED.

### Background

This is a consolidated class action complaint brought in 2002 alleging violations of ERISA. The putative class consists of participants in and beneficiaries of the Textron Savings Plan. The Textron Savings Plan is an ESOP or employee stock ownership plan which, during the relevant time period, provided for the investment of a percentage of employee pension contributions and the entire employer matching contribution in the stock of the employer, Textron, Inc. The District Court granted Defendants' Motion to Dismiss Plaintiffs' Complaint on June 24, 2003. See Lalonde v. Textron, Inc., 270 F. Supp. 2d 272 (D.R.I. 2003). On May 7, 2004, the First Circuit Court of Appeals affirmed in part but reversed dismissal of the Textron defendants and remanded. See Lalonde v. Textron, Inc., 369 F.3d 1 (1st Cir. 2004). The First Circuit recognized that Plaintiffs' odds

of success on their breach of fiduciary duty claim may be "very long" but the claim was sufficient to "withstand conventional Fed. R. Civ. P. 12(b)(6) scrutiny." Id. at 6.

**Discussion**

Unfortunately, Plaintiffs seek to speak out of both sides of their mouth in this Motion. On the one hand, Plaintiffs seek, in this Court's opinion, to blindside Defendant and argue that Defendant waived any right to interpose objections to Plaintiffs' document requests because it did not obtain a formal stipulation from Plaintiffs to provide untimely responses and objections. On the other hand, Plaintiffs seek to be excused from technical compliance with Judge Smith's pretrial order, Fed. R. Civ. P. 37(a)(2)(B) and this Court's Local Rules. Plaintiffs' counsel concluded his argument by asking this Court to not "come down hard" on his clients for these transgressions.

Plaintiffs cannot have it both ways. First, as to Plaintiffs' waiver argument, Plaintiffs' document requests are dated January 10, 2005 and thus Defendant's responses and any objections were due on or about February 9, 2005. On February 7, 2005, Defendant's counsel sent an email to Plaintiffs' counsel informally requesting more time to "finalize [its] formal responses and objections to" the document requests and in the email asked Plaintiffs' counsel to let him know if he had "any problems with that schedule." Plaintiffs' counsel admits that he received the email and that he chose not to respond with any objection. However, he contends that Defendant was not granted any extension of time to finalize its responses and objections and notes the lack of any formal stipulation to that effect. While Plaintiffs had the right to say no to Defendant's request for additional time, this Court cannot countenance Plaintiffs' counsel's attempt to convert his lack of the courtesy of a simple response to the email into a waiver of Defendant's right to object to the document requests. This is particularly so when Plaintiffs' counsel noted that Defendant has given him the courtesy of access

to documents produced in the Rosen litigation and there had been at least some "informal coordination" in that regard.

Talking out of the other side of their mouth, Plaintiffs ask this Court to excuse their untimely Motion to extend discovery and apparently ask to be excused from the "good faith" meet and confer certification requirements of Fed. R. Civ. P. 37(a)(2)(B) and Local R. 13(d). See Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (motion to compel denied because movant failed to include a Fed. R. Civ. P. 37(a)(2) good faith certification). Again, Plaintiffs cannot have it both ways. If they want this Court to find a waiver based on the facts discussed above, Plaintiffs have no credible basis to request that they be excused from technical compliance with the rules.

As to the Motion to Amend (actually extend) the fact discovery deadline, Plaintiff's Motion was filed one month after the fact discovery closure date set in Judge Smith's pretrial order.[1] Judge Smith's pretrial order also provides, with very limited exceptions not applicable here, that "after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court." Pretrial Order, ¶ 7. Plaintiffs did not seek and thus were not granted leave of Court to file the instant Motion. Plaintiffs further argue that discovery should be extended to coordinate with the discovery schedule in the Rosen action. Defendant, however, correctly points out that this action is independent of the Rosen action and there is no Order of the Court coordinating discovery between the two actions. In fact, the District Court initially set a more aggressive schedule in this case than Rosen. The dispositive motion deadline in this case (October 6, 2005) was set two months earlier than the Rosen deadline (December 1, 2005). Finally, Plaintiffs offer no good reason as to why they did not

[1] Plaintiffs' original Motion to Amend was filed on June 9, 2005 but it was technically flawed in that it was not served on Defendant. Thus, this Court denied the Motion for failure to comply with Local Rule 12(d) – no certificate of service filed.

complete or make more significant progress toward completing discovery within the nearly nine-month period provided in Judge Smith's pretrial order issued after this action was remanded.

**Conclusion**

For these reasons, Plaintiffs' Motion to Amend Discovery Schedule and to Compel Production of Documents (Document No. 55) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
October 12, 2005