UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' APPEAL TO THE DISTRICT COURT FOR REVERSAL OF MAGISTRATE ALMOND'S ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINES AND TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Pursuant to Fed. R. Civ. P. 72(a), plaintiffs hereby object to and appeal from Magistrate Judge Almond's Memorandum and Order dated October 12, 2005. The bases for plaintiffs' appeal are set forth herein. In accordance with Local Rule 12(a)(1), plaintiffs are not filing a separate memorandum of law, but state as follows in support of their appeal.

## I.

## INTRODUCTION

On October 31, 2005[1] Magistrate Almond's Order denying plaintiffs' motion to extend discovery deadlines and to compel defendants to comply with plaintiffs' Rule 34 requests was entered and served upon plaintiffs. Plaintiffs now appeal to the District Court for reversal of that denial and request this Court to grant plaintiffs' motion in its entirety and extend discovery deadlines and all other deadlines by 90 days from date of entry of an order reversing the Magistrate's Order and compelling defendants to produce documents pursuant to plaintiffs' request.

## II.

## FACTS

The facts relevant to this appeal are set forth in the Declaration of Lee Squitieri dated November 15, 2005 and the Declaration of David Strachman, dated November 15, 2005.

## III.

## ARGUMENT

### POINT I

### PLAINTIFFS' REQUEST FOR A SHORT EXTENSION OF THE DISCOVERY CUT-OFF SHOULD HAVE BEEN GRANTED BY THE MAGISTRATE

#### A. Rule 16(b) Allows Modification Of Scheduling Orders For Good Cause

The Advisory Committee Notes explicitly recognize that the parties will occasionally be unable to meet these deadlines because scheduling order deadlines are established relatively early in the litigation. See O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir.

[1] The Order appealed from was entered and served on October 31, 2005. For time periods less than eleven days, intermediate Saturdays, Sundays, and holidays are not counted. Fed. R. Civ. P. 6. Appeals from Magistrate Orders must be taken ten days after such a ruling is served on the appellant. L.R. 72(c)(1). Therefore, ten days from the Order's entry of service would be November 15, 2005.

2004). Thus, Rule 16(b), Fed. R. Civ. P. provides a mechanism for the extension of discovery and other deadlines. Rule 16(b) allows modifications upon "a showing of good cause" by leave of the District Judge. The Advisory Committee Notes to the 1983 Amendment in the "Division" section addressing Subdivision (b) of the Rule, observes that the "good cause" requirement is more appropriate than the more stringent "manifest injustice" or "substantial hardship" standard.

Rule 16's "good cause" standard focuses mainly, but not exclusively, on the diligence of the party seeking the extension. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). "Good cause" can be established by demonstrating that deadlines cannot reasonably be met despite the diligence of the party needing the extension. Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial of scheduling order modification where moving party delayed a year to seek modification for time to amend). Good cause for an extension of a Scheduling Order deadline for amending the pleading was found in Reynolds v. Borough of Avalon, 799 F. Supp. 442, 450 (D.N.J. 1992) due to the fact that a critical deposition was not conducted until after the deadline for amendments of pleadings. The extension there was the second amendment of the original scheduling order. Id.

Here, the "good cause" established by plaintiffs' record of actively litigating this action from the time of entry of the Pretrial Order through the discovery cut-off is not undermined (in any sense recognized by any First Circuit precedent) by an isolated deviation from a court deadline. Cf. Ruiz v. Alegria, 896 F.2d 645 (1st Cir. 1990) (affirming dismissal based on "pattern of behavior" suggesting "conduct of a deliberate rather than inadvertent nature." Plaintiffs' active litigation of all aspects of this action demonstrates the "good cause" necessary under Rule 16(b) for modification of the Pretrial Order.

Prejudice to the opposing party is also a relevant consideration. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st. Cir. 2004). Here there is no possible prejudice to defendant from the brief extension of discovery deadlines sought. Defendants have suffered no cognizable prejudice of any type thus far and will suffer none if the short extension requested is granted. In the Rule 16 context prejudice is measured by "evidence of extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." Huertas v. Philadelphia, No. 02-7955, 2005 U.S. Dist. LEXIS 1282, at *9 (E.D.Pa. Jan. 31, 2005); see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2002), noting prejudice to defendant because, despite repeated requests, plaintiff had delayed until a week before to provide discovery or damages).

## POINT II

## THE MAGISTRATE ABUSED HIS DISCRETION IN DENYING ANY EXTENSION OF DISCOVERY

### A. The Magistrate Effectively Dismissed This Action When He Denied Plaintiffs' Motion To Extend Discovery

When plaintiffs made their motion to extend discovery, they were in an extremely compromised position from the viewpoint of obtaining evidence to make their case at trial. For example, defendants had denied to plaintiffs some very essential and relevant documents concerning the activities and decisions of the fiduciaries who were charged with the care of the assets of the Textron Savings Plan. Plaintiffs had no fair opportunity to conduct depositions. Plaintiffs could not efficiently conduct the depositions of the fiduciaries without discovery of key documents concerning the activities and decisions of the fiduciaries employed by defendant Textron to administer the Plan and without first obtaining testimony of Textron officers regarding the operations and financial condition of the Company. On the other hand, plaintiffs

could not go ahead and depose the pertinent witnesses from Textron on the issues of the financial and operational events and conditions at Textron during the class period, which plaintiffs contend made the continued investment of plan assets in Textron stock an imprudent fiduciary decision because, they would have quickly used up their ten deposition limit and then would have been forced to curtail the number of fiduciaries' depositions. There was no feasible alternative for the plaintiffs to pursue other than to seek an extension of the time for discovery. But that was denied to them by the Magistrate, thus effectively dooming plaintiffs' case. Defendants, by contrast, were allowed to depose both plaintiffs and had received full document discovery from both plaintiffs as well as answers and supplemental answers to fact and contention interrogatories.

"Forbidding plaintiff from conducting further discovery would be tantamount to dismissal because he has conducted no discovery . . ." Roman v. Reading, No. 02-4763, 2004 U.S. Dist. LEXIS 4570, at *26-27 (E.D.Pa., March 22, 2004), citation omitted.

**B. The Magistrate Unfairly Based His Decision On Isolated Lapses**

By denying the motion to extend the discovery duties before plaintiffs have had any depositions for defendants' witnesses, the Magistrate has erred. The Circuit Court has repeatedly warned: "A single instance of prohibited conduct cannot be the basis for dismissal if the conduct was not 'particularly egregious or extreme.'" See Top Entertainment, Inc. v. Ortega, 285 F.3d 115, 118 (1st Cir. 2002), quoting Benjamin v. Aroostock Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995); Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 194 (1st Cir. 2003) (holding that single incident was not enough to warrant dismissal); Crossman v. Raytheon Longterm Disab. Plan, 316 F.3d 36, 39 (1st Cir. 2002) (same); Velazquez-Rivera v. Sea-Land Services, Inc., 920 F.2d 1072 (1st Cir. 1990) (same). There are, no doubt, "limitations on the use of dismissal as a

penalty," Enlace Mercantile Int'l, Inc. v. Senior Indus. Inc., 848 F.2d 315, 317-18 (1st Cir. 1988). The First Circuit has said that decisions regarding sanctions are not to be "rubber stamped." Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

The Magistrate did not even give any consideration to any lesser sanctions, such as a more abbreviated discovery schedule or the imposition of costs. See Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971); Crossman, supra at 39-40; Robson, 81 F.3d at 2-3 (directing that a district court must consider "the adequacy of lesser sanctions" before settling on a harsher sanction resulting in dismissal.) Instead, the Magistrate applied the sanction as his first choice as an automatic penalty -- something specifically forbidden by First Circuit precedent. See Young v. Gordon, 330 F.3d 76 (1st Cir. 2003) ("dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order.")

### C. The Magistrate's Memorandum And Order Is Flawed And Must Be Reversed

In the Memorandum and Order, the Magistrate's apparent rationale for denying plaintiffs' motion to amend was plaintiffs' counsel's refusal to overlook defendants' counsel's failure to file timely responses and objections to plaintiffs' Rule 34 requests. See Memorandum and Order at pages 2-3. The Magistrate devoted the bulk of the "Discussion" to that aspect while confining his analysis of the progress and conduct of discovery to one conclusory sentence at the end of the Memorandum and Order. The Memorandum and Order is clearly inconsistent with the First Circuit's observations in Tower Ventures, Inc. v. Westfield, 296 F.3d 43 (1st Cir. 2002), that not ". . . every breach of scheduling order warrants dismissal . . ." and ". . . violations of a scheduling order may be excused if good cause exists for the offenders' failure to comply." Id. citing Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996).

The Magistrate also unfairly and improperly concluded that plaintiff failed to conduct a "meet and confer" with defendant over discovery disputes. Memorandum and Order at page 3. However, the submissions to the Magistrate by both plaintiff and defendant indicate that the parties' counsel had multiple conversations and exchanged multiple letters on the scope of discovery. Thus, plaintiffs' motion to compel, contrary to the Magistrate's conclusion, was not filed without the parties having first attempting to reach agreement on the scope of discovery. The Magistrate also castigated plaintiffs for failing to timely file their motions. Memorandum and Order at 3. However, the record reflects that the original motion was timely filed on June 9, 2005 (i.e., at least ten days before the June 21, 2005 discovery cut-off in the Pretrial Order). That motion was denied by the Magistrate for failure to properly serve defendants' counsel. The circumstances of that failure of service are explained in the Declaration of David Strachman filed with this motion. The Magistrate said that plaintiffs should have returned to the District Court to seek permission before refiling the Motion To Amend after it was served by plaintiffs. But by June 30, 2005, the motion had been referred to Magistrate Judge Almond and thus the renewed Motion To Amend was also directed to Magistrate Judge Almond.

Even conceding that the foregoing constitute lapses are outright violations of court orders, neither of them alone or in the aggregate rise to the level of "contumacious" behavior justifying the decision of Magistrate Judge Almond under First Circuit precedent. Indeed, in its July 1999 opinion in Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65 (1st Cir. 1999). The First Circuit reviewed its historical record of reviewing district court's impositions of sanctions for failure to comply with case management orders and observed:

> We have observed more than once that in all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years),

> disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.

Id., citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). The First Circuit has not deviated from this standard. See Top Entm't Inc. v. Ortega, 285 F.3d 115, 118 (1st Cir. 2002) (reiterating standard as "extremely protracted inaction . . ." but upholding dismissal based on counsel's "deliberate non-responsiveness" to court orders and noting "catalogue of appellants' other alleged transgressions."). Crossman v. Raytheon Longterm Disab. Plan, 316 F.3d 36, 39 (1st Cir. 2002) (reversing dismissal sanction where record in the court below did not demonstrate that plaintiff "engaged in a series of deliberate violations.")

Dated: November 15, 2005

Respectfully submitted,

McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553

LAW OFFICES OF CHARLES J. PIVEN
P.A.
Charles J. Piven, Esq.
The World Trade Center
401 East Pratt Street - Suite 2525
Baltimore, Maryland 21202
Tel: 410-332-0030

Kenneth A. Wexler, Esq.
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street
Chicago, Illinois 60602
Tel: (312) 346-2222

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Tel: 205-328-9576
Fax: 205-328-9669

Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

I, __________, hereby certify that on November 15, 2005, I caused the accompanying Plaintiffs' Appeal To The District Court For Reversal Of Magistrate Almond's Order Denying Plaintiffs' Motion To Extend Deadlines And To Compel Defendants To Produce Documents; Declaration Of Lee Squitieri In Support Of Appeal To The District Court For Reversal Of Magistrate's Denial Of Plaintiff's Motion To Amend Discovery Schedule And To Compel Production Of Documents; and Declaration Of David Strachman In Support Of Appeal To The District Court Of Magistrate Almond's October 12, 2005 Order to be served upon the following parties by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York or otherwise indicated upon:

John A. Tarantino
Adler Pollock & Sheehan, P.C.
2300 Financial Plaza
Providence, Rhode Island 02903
Tel: (401) 274-7200

Mitchell A. Karlan
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000

____________________