UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated, Plaintiff, -against- TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10, Defendants. | C.A. No. 02-491S |

**DECLARATION OF LEE SQUITIERI IN SUPPORT OF APPEAL TO THE DISTRICT COURT FOR REVERSAL OF MAGISTRATE'S DENIAL OF PLAINTIFF'S MOTION TO AMEND DISCOVERY SCHEDULE AND TO COMPEL PRODUCTION OF DOCUMENTS**

I, Lee Squitieri, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the firm of Squitieri & Fearon, LLP, one of the attorneys for plaintiffs.

2. This declaration is submitted in support of this appeal from Magistrate Judge Almond's Memorandum and Order dated October 12, 2005.

**A. Background**

3. This class action is brought under the ERISA statutes and generally contends that defendants were ERISA fiduciaries who breached their fiduciary duties to the plaintiffs and other similarly situated participants and beneficiaries of Textron, Inc.'s ("Textron's") defined contribution pension plans. Plaintiffs alleged that during the Class Period, (January 1, 2000 to December 31, 2001) the fiduciaries breached their duties by continuing to offer Textron stock to plan participants and continuing to maintain pension assets invested in Textron stock.

4. This case is subject to a Pretrial Order entered by Judge Smith on November 2, 2004. The Pretrial Order set a deadline for close of fact discovery by June 21, 2005. Id. at ¶ 1.

5. At the outset of this case, and at the time of the setting of deadlines, it was contemplated by the parties and the Court that discovery in this action would coordinate with discovery in the securities purchasers' class action, Rosen v. Textron, Inc., et al., Civil Action No. 02-1905. It is my distinct recollection at the conference that it was also contemplated by all counsel and by the Court that plaintiffs in this action could utilize depositions conducted in the Rosen action of certain witnesses whose testimony would be relevant to the issues in this case.

6. It is my distinct recollection that plaintiffs' ability to use depositions in Rosen was the reason the deposition limit in this case remained set at 10 depositions for plaintiffs despite my request for a larger number. It was recognized that my agreement to coordinated depositions with the Rosen case would avoid imposing duplicative discovery burdens.

7. Courts routinely coordinate discovery between ERISA and securities fraud actions. See e.g., In re AOL Time Warner Inc. Sec. And "ERISA" Litig., MDL No. 1500, No. 02-5755, 2003 U.S. Dist. LEXIS 116895, at * 6-8 (S.D.N.Y. Sept. 26, 2003); In re Worldcom ERISA Litig., 354 F. Supp. 2d 423, 426 (S.D.N.Y. 2005).

8. Defendants were able to avoid an additional discovery burden when I agreed to review the document discovery provided in the Rosen Action instead of requiring defendants to conduct an independent review and production.

9. At the time plaintiffs' motion was filed, depositions of plaintiffs had been completed.

10. Plaintiffs' motion for class certification filed in late January 2005, was opposed by defendants on May 22, 2005.

**B. The Reason Discovery Could Not Be Completed By The Discovery Cut-Off Date**

11. No depositions were conducted because plaintiffs' had not obtained all relevant ERISA specific documents from defendants pursuant to Plaintiffs' Rule 34 Requests For Production Of Documents, served on defendants in January 2005.

12. Defendants' written responses thereto were not served until well after the 30 day response period.

13. In lieu of producing documents within 30 days of plaintiffs' service of Rule 34 requests, defendants produced untimely, blanket objections to plaintiffs request and/or over-narrowly limited the scope of their production. See Exhibit 4 to the Motion To Amend, Docket Entry No. 83. Defendants' Responses and Objections To Plaintiffs' Request For Production Of Documents were served on March 18, 2005, well after the 30 day period set by the Federal Rules of Civil Procedure.

14. Defendants made some minimal document productions over the course of March and early April 2005. During that time, as documents were produced by defendants and reviewed by plaintiffs, the parties exchanged letters and conversations on document discovery

issues. The result of those exchanges was that, in spirit of compromise, plaintiffs withdrew some of their specific requests. See Exhibit 4 to the Motion To Amend, Docket Entry No. 83.

15. In defendants' latest letter (April 26, 2005) they indicated more documents would be forthcoming but none have yet been produced since that letter was sent. See Exhibit 5 to the Motion To Amend, Docket Entry No. 83.

16. One of the reasons has been plaintiffs' desire to carefully select witnesses for depositions in order to stay within the 10 deposition limit of the Pretrial Order. See Exhibit 6 to the Motion To Amend, Docket Entry No. 83. The other reason is that the sequencing of depositions is very important to plaintiffs' case. Plaintiffs believe their action can be more efficiently and effectively litigated by conducting deposition of fiduciaries in this case after the depositions of Textron's executive officers on issues of the company's operating and financial condition have been conducted in the Rosen Action. Also, defendants' repeatedly told me that any witness produced for a 30b-6 deposition will not be produced again for a deposition on substantive issues. See Exhibit 7 to the Motion To Amend, Docket Entry No. 83.

17. At the time the Motion To Amend was filed, no depositions of defendants had been conducted in Rosen.

C. **Plaintiffs' Original Motion To Amend Was Timely Filed**

18. Within the time limits set forth in Pretrial Order (¶ 7), plaintiffs filed their motion to extend the time for completing document and deposition discovery and for an Order compelling defendants to produce all non-privileged responsive documents to plaintiffs First Request For Production of Documents. However, due to a lapse, the motion was not served.

**D. The Motion To Amend And For**
**<u>Additional Discovery Was Improperly Denied</u>**

19. This Court's Pretrial Order set June 21, 2005 as the fact discovery cut-off date. In the Motion To Amend, plaintiffs requested only an additional four months to complete factual discovery with a corresponding enlargement of the other deadline dates set forth in Pretrial Order No. 1.

20. The magistrate did not even consider the plaintiffs' objection to defendants production of documents and did not even address the specific issues framed by plaintiffs:

> 1. Defendants did not produce any documents responsive to Requests 9, 36 and 37 despite defendants' representation that they would do so.
>
> 2. Defendants objected to the production of any documents responsive to Requests No. 18 and have objected to the production of certain documents responsive to Nos. 19, 20, 21, 22, 23, 26, 27, 31 and 32 on the grounds that the Requests in whole or in part refer to conduct that is not subject to fiduciary standards under <u>Hughes Aircraft Co. v. Jacobson</u>, 525 U.S. 432, 443-44 (1999).
>
> In response plaintiffs indicated to defendants that the <u>Hughes</u> decision applies to the scope of liability for persons who are <u>not</u> fiduciaries and who perform <u>only</u> "settler functions." Defendants' objections on <u>Hughes</u> grounds even extends to areas which Textron itself has admitted constitute "fiduciary activities" as one can plainly see by comparing the "fiduciary activities" of the typed described in Requests 19-23; 26-27 and 31-32.
>
> 3. Defendants failed to produce documents in response to Request No. 8 except for documents reflecting the appointments of Investment Committee members. That the scope of production is too narrow in light of applicable law and the fact that defendants' documents make clear that Textron considered fiduciary activities to include many of the areas identified in plaintiffs requests. Defendants' limitation on the production of documents responsive to Requests Nos. 10, 19, 20, 21, 22, 23, 24, 26, 28, 31, 32 and 39 to documents "that reflect the exercise of any

discretionary authority on the part of defendant with respect to the investment of employee or employer contributions in the Textron Savings Plan" is inappropriate in light of the fact that documents produce by Textron clearly indicate that the fiduciary responsibilities of various committee members extends much further than just the actual act of "investment of . . . contributions in the Textron Savings Plan." Defendants' objections to production responsive to Requests 12, 13 and 14 is similarly inappropriate.

4. Plaintiffs objected to defendants' refusal to produce in response to Request No. 15, anything other than documents that "reflect any discussion of the viability of Textron as a going concern" is wholly inappropriate and not consistent with the law.

21. The Magistrate also unfairly and improperly concluded that plaintiff failed to conduct a "meet and confer" with defendant over discovery disputes. Memorandum and Order at page 3. The submissions to the Magistrate by both plaintiff and defendant indicate that the parties' counsel had multiple conversations and exchanged multiple letters on the scope of discovery. Thus, plaintiffs' motion to compel, contrary to the Magistrate's conclusion, was not filed without the parties having first attempting to reach agreement on the scope of discovery. The Magistrate also castigated plaintiffs for failing to timely file their motions. Memorandum and Order at 3. However, the record reflects that the original motion was timely filed on June 9, 2005 (i.e., at least ten days before the June 21, 2005 discovery cut-off in the Pretrial Order). That motion was denied by the Magistrate for failure to properly serve defendants' counsel. The circumstances of that failure of service are explained in the Declaration of David Strachtman filed with this motion. The Magistrate said that plaintiffs should have returned to the District Court to seek permission before refilling the Motion To Amend after it was served by plaintiffs. But by June 30, 2005, the motion had been referred to Magistrate Judge Almond and thus the renewed Motion To Amend was also directed to Magistrate Judge Almond. Thus plaintiffs

reasonably believed their renewed motion was correctly brought before Magistrate Judge Almond.

**E. Plaintiffs' Isolated Lapse Does Not Warrant The Discovery Precluding Sanctions Imposed By The Magistrate**

22. When plaintiffs made their motion to extend discovery, they were in an extremely compromised position from the viewpoint of obtaining evidence to make their case at trial. For example, defendants had denied to plaintiffs some very essential and relevant documents concerning the activities and decisions of the fiduciaries who were charged with the care of the assets of the Textron Savings Plan. Plaintiffs had no fair opportunity to conduct depositions. On the one hand, plaintiffs could not efficiently conduct the depositions of the fiduciaries without discovery of key documents concerning the activities and decisions of the fiduciaries employed by defendant Textron to administer the Plan. On the other hand, plaintiffs could not go ahead and depose the pertinent witnesses from Textron on the issues of the financial and operational events and conditions at Textron during the class period which plaintiffs contend made the continued investment of plan assets in Textron stock an imprudent fiduciary decision because they would have quickly used up their ten deposition limit and then would have been forced to curtail the number of fiduciaries' depositions. There was no feasible alternative for the plaintiffs to pursue other than to seek an extension of the time for discovery. But that was denied to them by the Magistrate, thus effectively dooming plaintiffs' case. Defendants, by contrast, were allowed to depose both plaintiffs and had received full document discovery from both plaintiffs as well as answers and supplemental answers to fact and contention interrogatories.

23. Plaintiffs' counsel has actively litigated all aspects of this action. The inability to complete discovery was not due to any lack of diligence or protracted inactivity that would justify a refusal to extend the deadline.

24. The Magistrate's decision deviated from every procedural and substantive standard set by the First Circuit in cases involving imposition of sanctions for failure to meet deadlines.

Dated: November 15, 2005

LEE SQUITIERI