UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-334S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated, | : | |
| v. | : | C.A. No. 02-491S |
| TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE ALMOND'S OCTOBER 12, 2005 ORDER**

For the reasons set forth in the accompanying memorandum of law, remaining defendant Textron Inc. hereby objects to plaintiffs' appeal of Magistrate Judge Almond's October 12, 2005 Order.

Dated: Providence, Rhode Island
November 28, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of November, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Paul Vincent

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA L. LALONDE, individually and on behalf of all others similarly situated<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | C.A. No. 02-334S |
| MACHELLE SIMON-GRECH, individually and on behalf of all others similarly situated<br><br>v.<br><br>TEXTRON INC., TEXTRON SAVINGS PLAN COMMITTEE, AND JOHN DOES 1-10 | C.A. No. 02-491S |

**MEMORANDUM OF LAW OF DEFENDANT TEXTRON INC. IN OPPOSITION TO PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE ALMOND'S OCTOBER 12, 2005 ORDER**

JOHN A. TARANTINO (#2586)
PAUL V. CURCIO (#1965)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604

WILLIAM J. KILBERG (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

MITCHELL A. KARLAN (*pro hac vice*)
ARIC H. WU (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

KARL G. NELSON (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

November 28, 2005

Attorneys for Defendant Textron Inc.

Defendant Textron Inc. ("Textron") respectfully submits this memorandum of law in opposition to plaintiffs' appeal of Magistrate Judge Almond's Memorandum and Order, dated October 12, 2005.[1]

## INTRODUCTION

This action is nearly forty months old. Nonetheless, plaintiffs waited until just days before the long-standing deadline for fact discovery to file a motion to compel production of additional documents from defendant and extend the discovery schedule. Plaintiffs did not serve defendant with a copy of their motion and also failed to file any proof of service in violation of Local Rule 12(d). There is no excuse for this. Remarkably, though, plaintiffs try to blame the Clerk's Office for their own inattentiveness. *See* Declaration of David Strachman, dated November 15, 2005, ¶ 5. That motion was denied by Magistrate Judge Almond, and no appeal was taken.

Plaintiffs then violated this Court's Pretrial Order by filing another motion to compel and extend on July 21, 2005, or one month *after* the deadline for fact discovery already had elapsed, without leave of the Court. *See* 11/2/04 Pretrial Order, ¶ 7 (Docket No. 55). There is no excuse for this either. Yet, plaintiffs would have this Court believe that they had no choice but to disregard the Pretrial Order. *See* Declaration of Lee Squitieri, dated November 15, 2005

---

1 Textron is the only remaining defendant in this action. *Compare* Defendant's Memorandum of Law, dated May 19, 2005, at 1 n.1 (Docket No. 64), and Defendant's Reply Memorandum of Law, dated July 18, 2005, at 1 n.1 (Docket No. 78), *with* Plaintiffs' Opposition, dated June 20, 2005, at 1-8 (Docket No. 67), and Plaintiffs' Reply Memorandum of Law, dated June 29, 2005, at 1-16 (Docket No. 71).

("Squitieri Decl."), ¶ 21. Even accepting plaintiff's nonsensical assertion that their July 21 motion already had been somehow referred to Magistrate Judge Almond "by June 30, 2005" (*id.*), plaintiffs fail to offer any explanation why they did not seek leave from Magistrate Judge Almond to file their motion. Paragraph 7 of the Pretrial Order provides that no party make a motion more than ten days after the close of discovery "except by leave of Court." Magistrate Judge Almond is part of this Court.

Plaintiff's unauthorized and belated motion also was filed without a certification that plaintiffs had attempted in good faith to resolve disputed discovery issues, in violation of Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. In April 2005, defendant set forth in detail its position on disputed document requests and advised plaintiffs' counsel that they were available for a meet and confer. Defendant never heard back from plaintiffs. Instead, defendant was served with plaintiffs' motion to compel three months later in July 2005. Plaintiffs do not offer any explanation for their failure to respond to defendant's offer to meet and confer.

Nothing has happened since this Court established the discovery schedule that was not entirely anticipated, and plaintiffs have only themselves to blame for their supposed predicament. No fewer than five law firms are representing plaintiffs and there is simply no excuse for their inability to meet long-standing deadlines or comply with orders of this Court and the most basic rules of civil procedure. Magistrate Judge Almond's October 12 Order should be affirmed.

## CHRONOLOGY

Plaintiffs have unfortunately mischaracterized the chronology of events to date. Defendant sets forth below the proper chronology.

**I. In November 2004, This Court Enters A Pretrial Order**

On November 2, 2004, this Court entered a Pretrial Order that established a fact discovery cut-off date of June 21, 2005. Pretrial Order, ¶ 1. Contrary to plaintiffs' assertion that this action should be coordinated with the *Rosen v. Textron Inc.* securities action, at the November 2, 2004 scheduling conference, the Court and the parties specifically discussed and agreed that the two cases could and should proceed on separate tracks. *See* Declaration of Aric H. Wu, executed on November 22, 2005 ("Wu Decl."), ¶ 2. Indeed, as Magistrate Judge Almond noted, "there is no Order of the Court coordinating discovery between the two actions" and the Court "set a more aggressive schedule in this case than [in] *Rosen*." 10/12/05 Order at 3.

**II. In January 2005, Plaintiffs Serve Their Document Demand**

Plaintiffs waited until more than two months after this Court entered the Pretrial Order to serve a document demand on Textron. *See* Plaintiffs' Document Demand, dated January 10, 2005 (Exhibit 3 to Defendant's Appendix of Exhibits, dated August 4, 2005, for its Opposition to Plaintiff's Motion to Compel and Extend Discovery Schedule ("DA") (Docket No. 86)).

**III. In February 2005, Textron Commences Its Production Of Documents To Plaintiffs**

Plaintiffs erroneously assert that Textron did not produce documents until March 2005. Squitieri Decl. ¶ 14. In fact, Textron commenced its production of documents to plaintiffs on February 11, 2005. *See* 2/11/05 Letter to Lee Squitieri (DA Ex. 4). Moreover, as Magistrate Judge Almond found, plaintiffs' assertion that Textron's formal responses and objections to their document requests were "untimely" is disingenuous and contradicted by the record. *See* 10/12/05 Order at 2-3. On February 7, 2005, defendant advised plaintiffs of the following: "[W]e will begin production of Plan documents to you this week. However, we will need time to finalize our formal responses and objections to plaintiffs' document requests and should be in a

position to provide them to you the week after the class certification depositions. Please let us know if plaintiffs have any problems with that schedule." 2/7/05 E-mail to Lee Squitieri (DA Ex. 5). Plaintiffs never indicated any problem with that schedule, and Textron served its responses and objections to plaintiffs' document requests before class certification depositions were held.[2]

## IV. In April 2005, Textron Offers To Meet And Confer With Plaintiffs On Disputed Document Requests

In March and April 2005, the parties exchanged correspondence on discovery issues. *See* 3/31/05 Letter from Lee Squitieri (DA Ex. 6); 4/20/05 Letter from Lee Squitieri (DA Ex. 7); 4/26/05 Letter to Lee Squitieri (DA Ex. 8).

In its letter dated April 26, 2005, counsel for Textron set forth in detail defendant's position on disputed document requests and advised plaintiffs' counsel that they were available for a meet and confer. *See* 4/26/05 Letter to Lee Squitieri, at 2 (DA Ex. 8).

## V. Plaintiffs Fail To Respond To Defendant's Offer To Meet And Confer And Instead File A Motion To Compel

Plaintiffs never responded to defendant's April 2005 offer to meet and confer. Instead, in June 2005, plaintiffs apparently filed a motion to compel. Plaintiffs failed, however, to serve defendant with a copy of that motion. Magistrate Judge Almond denied plaintiffs' motion to compel for failure to comply with Local Rule 12(d). *See* 7/19/05 Order (DA Ex. 10).

---

2 Magistrate Judge Almond thus properly rejected plaintiffs' contention that Textron had somehow waived its right to object to plaintiffs' document requests. *See* 10/12/05 Order at 2-3; *Cotto v. Clark Investigations & Security Servs., Ltd.*, 2003 WL 22358797, at *1 (S.D.N.Y. Oct. 16, 2003) (rejecting plaintiffs' argument that defendants had waived their right to object to discovery requests because "defendants did not act in bad faith").

On July 21, 2005, or one month after the fact discovery deadline already had elapsed, plaintiffs filed a new motion to compel. Plaintiffs did not seek leave of the Court to file their motion as required under Paragraph 7 of the Court's Pretrial Order. Contrary to plaintiffs' assertion that defendant has "indicated more documents would be forthcoming but none have yet been produced" (Squitieri Decl. ¶ 16), defendant long ago advised plaintiffs that its document production was complete. *See* 6/17/05 Letter to Lee Squitieri, at 2 (DA Ex. 9).

## VI. Magistrate Judge Almond Denies Plaintiffs' Unauthorized And Belated Motion

On October 12, 2005, Magistrate Judge Almond denied plaintiffs' unauthorized and belated motion to compel production of additional documents and extend the discovery schedule. *See* 10/12/05 Order.

## ARGUMENT

As this Court has made clear, "the Magistrate Judge's rulings here only can be overturned . . . where they are clearly erroneous or contrary to law." *Rosen v. Textron*, C.A. No. 02-190S (D.R.I. July 11, 2005) (affirming Magistrate Judge Almond's rulings). Plaintiffs have failed to demonstrate that Magistrate Judge Almond's October 12 Order is "clearly erroneous" or "contrary to law." The October 12 Order therefore should be affirmed.

## I. Magistrate Judge Almond Properly Denied Plaintiffs' Unauthorized And Belated Motion To Compel Production Of Additional Documents

Magistrate Judge Almond properly denied plaintiffs' unauthorized and belated motion to compel production of additional documents. Indeed, plaintiffs do not dispute that they failed to certify, as required under Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, that they conferred with defendant in a good faith attempt to resolve the parties' document discovery disputes prior to filing their motion to compel. Nor could they. Defendant made repeated offers

to plaintiffs to meet and confer. *See* 4/26/05 Letter to Lee Squitieri at 2 (DA Ex. 8); 6/17/05 Letter to Lee Squitieri, at 2 (DA Ex. 9). Plaintiffs ignored those offers and instead opted to file a motion to compel in violation of Rule 37(a)(2)(B). Under well-settled law, motions to compel filed in violation of Rule 37(a)(2)(B) are properly denied. *See, e.g.*, *Hasbro v. Serafino*, 168 F.R.D. 99, 101-02 (D. Mass. 1996). Plaintiffs fail to cite any law to the contrary.

Plaintiffs' motion to compel is meritless in any event. Indeed, plaintiffs make no serious attempt to address the authority cited by defendant confirming that plaintiffs are not entitled to the additional discovery they seek, and defendant respectfully refers the Court to its opposition to plaintiff's motion to compel for a detailed discussion of the relevant authority on each of the disputed document requests. *See* Defendant's Opposition to Plaintiff's Motion to Compel, dated August 4, 2005, at 5-9 (Docket No. 86). Simply put, plaintiffs have long had all of the documents from defendant relevant to this case.

## II. Magistrate Judge Almond Properly Denied Plaintiffs' Unauthorized And Belated Motion To Extend The Discovery Schedule

Magistrate Judge Almond also properly denied plaintiffs' unauthorized and belated motion to extend the discovery schedule. Plaintiffs concede that, under Rule 16(b) of the Federal Rules of Civil Procedure, discovery deadlines only may be extended upon a showing of "good cause" demonstrating the "diligence of the party seeking the extension." Ps' Appeal Brief at 3. *See also Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (recognizing that the "demanding 'good cause' standard of Fed. R. Civ. P. 16(b) . . . focuses on the diligence (or lack thereof) of the moving party").

Here, any difficulties plaintiffs are having are the result of their own inattentiveness. Indeed, plaintiffs waited to serve document requests, failed to respond to defendant's offer to meet and confer, waited until just days before the close of fact discovery to file a motion to

compel and extend the discovery schedule, failed to serve defendant with a copy of the motion and then filed another motion to compel and extend the discovery schedule one month after the deadline for fact discovery already had elapsed. Moreover, contrary to plaintiffs' professed interest in "coordinated depositions with the *Rosen* case" (Squitieri Decl. ¶ 6), plaintiffs in fact have *not* coordinated with the *Rosen* plaintiffs and were unaware, for example, that the *Rosen* plaintiffs had conducted a Rule 30(b)(6) deposition of a Textron representative. Wu Decl. ¶ 3.

Magistrate Judge Almond thus properly denied plaintiffs' motion to extend the discovery schedule based on plaintiffs' demonstrated lack of diligence and failure to establish the requisite good cause: "Plaintiffs offer no good reason as to why they did not complete or make significant progress toward completing discovery within the nearly nine-month period provided in [the Court's] pretrial order." 10/12/05 Order at 4.

Magistrate Judge Almond also properly denied plaintiffs' motion because it was filed one month after the close of discovery without leave of the Court in violation of Paragraph 7 of the Pretrial Order. As the First Circuit has explained, "for Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). "A litigant who ignores a case-management deadline does so at his peril." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Plaintiffs ignored defendant's offer in April 2005 to meet and confer and then waited nearly three months until the deadline for discovery already had elapsed to serve their motion. The Pretrial Order in this case is clear that no party may make a motion more than ten days after the close of discovery "except by leave of Court." 11/2/04 Pretrial Order, ¶ 7 (Docket No. 55). Plaintiffs filed their motion one month after the close of discovery without seeking leave from either Your Honor or Magistrate Judge Almond.

Magistrate Judge Almond did not dismiss plaintiffs' action or impose any sanctions, though he properly could have under the plain terms of the Pretrial Order: "Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence." *Id.*

Rather, Magistrate Judge Almond simply denied plaintiffs' motion to extend the discovery schedule to obtain additional discovery from defendant because it was untimely, procedurally improper under the Court's Pretrial Order and unwarranted because plaintiffs had failed to carry their burden of establishing their diligence for the requisite showing of good cause. *See* 10/12/05 Order at 2-4. As Magistrate Judge Almond's October 12 Order is not "clearly erroneous" or "contrary to law," it should be affirmed.

**CONCLUSION**

For all the reasons set forth herein, Textron respectfully requests that this Court affirm Magistrate Judge Almond's October 12 Order and award such other and further relief as the Court deems appropriate.

Dated: Providence, Rhode Island
November 28, 2005

Respectfully submitted,

ADLER POLLOCK & SHEEHAN P.C.

By: ______________________
John A. Tarantino (#2586)
Paul V. Curcio (#1965)

One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 530-9559

GIBSON, DUNN & CRUTCHER LLP
Karl G. Nelson (*pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2945

Attorneys for Defendant Textron Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2005, I caused a true copy of the within to be served by first-class mail, postage prepaid, to:

*Counsel for Plaintiffs*:

David J. Strachman
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street, Suite 400
Providence, RI 02903

Lee Squitieri, Esq.
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022

Charles J. Piven, Esq.
Law Offices of Charles J. Piven P.A.
The World Trade Center
401 East Pratt Street – Suite 2525
Baltimore, MD 21202

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, AL 35203

Kenneth A. Wexler, Esq.
Kenneth A. Wexler & Associates
One North LaSalle Street
Chicago, IL 60602
Tel: (312) 346-2222

*Co-Counsel for Defendant Textron Inc.*:

Mitchell A. Karlan, Esq.
Aric H. Wu, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166

William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Karl G. Nelson, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201