UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA LALONDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-334S |
| MICHELLE A. SIMON-GRECH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TEXTRON, INC., TEXTRON SAVINGS PLAN, TEXTRON SAVINGS PLAN COMMITTEE, JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 02-491S |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE ALMOND'S OCTOBER 12, 2005 ORDER**

Plaintiffs submit this reply memorandum of law in further support of their appeal of Magistrate Judge Almond's October 12, 2005 Order and in response to Textron's Memorandum of Law In Opposition to Plaintiffs' Appeal of Magistrate Judge Almond's Memorandum and Order dated October 12, 2005.

## ARGUMENT

By implication and by failure to raise any credible factual issues, Textron has conceded two critical points:

> First, Textron concedes it has suffered no cognizable prejudice from the fact that plaintiff could not complete discovery by June 21, 2005 or from the fact that plaintiffs' first timely motion for an extension was refiled after being rejected due to a failure of service;[1]
>
> Second, the circumstances surrounding plaintiffs' inability to complete discovery by the first cut off date do not approach the circumstances noted by First Circuit authority in justifying the harsh sanction being imposed here upon plaintiffs and the class.

The First Circuit has had many occasions to review lower court's imposition of sanctions for violation of discovery orders and other pre-trial deadlines. See generally Affansto v. Merrill Bros., 547 F.2d 138 (1st Cir. 1977); Goldman, Antonetti Ferraivoli, Antmayer v. Medfit Int'l, Inc., 982 F.2d 686 (1st Cir. 1993); Guex v. Allmerica Financial Life Insurance And Annuity Company, 146 F.3d 40 (1st Cir. 1998); United States v. Roberts, 978 F.2d 17 (1st Cir. 1992); O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.2d 152, 155 (1st Cir. 2004); Ruiz v. Alegria, 896 F.2d 645 (1st Cir. 1990); Ortiz Anglada v. Ortiz Perez, 183 F.3d 65 (1st Cir. 1999). In none of the foregoing cases was a single instance of non-compliance without more the basis for imposition of such a harsh sanction.

Here, the fragility of Textron's opposition is demonstrated by its utter inability to muster any case law precedent justifying the Magistrate's fatal denial of plaintiffs' motion to be allowed

---

[1] Textron's arguments complaining of plaintiffs' failure to follow the precise duties of Judge Smith's Pre-Trial Order are galling in light of the fact that Textron failed to follow the Pre-Trial Order requirements when it filed its summary judgment motion. The District Judge in that instance summarily excused Textron's failure upon simple submission by Textron of a letter.

to complete discovery.[2] Textron cites to general propositions of law in the absence of any specific precedent which could justify Magistrate Almond's complete shutdown of plaintiffs' ability to gather evidence in support of their claims that Magistrate Almond effectively assured plaintiffs of being unable to defeat any defenses to plaintiffs' claims which Textron may present at trial the claims may be decided on its merits.

## CONCLUSION

For all of the foregoing reasons the Magistrate's Order of October 12, 2005 should be reversed in its entirety and plaintiffs' application for an extension of discovery and plaintiffs' motion to compel should be granted.

Dated: December 12, 2005

Respectfully submitted,

David J. Strachman
McINTYRE, TATE, LYNCH & HOLT
Suite 400
321 South Main Street
Providence, Rhode Island 02903
Tel: 401-351-7700
Fax: 401-331-6095

SQUITIERI & FEARON, LLP
Lee Squitieri (admitted pro hac vice)
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553

[2] Instead, Textron's opposition attempts to manufacture additional transgressions such as plaintiffs' counsel's so-called failure to meet and confer after Textron's counsel's April 25, 2005 letter. Opposition at page 4. In point of fact, that letter was the last in a series of communications where the parties tried to reach agreement on the scope of discovery. Further efforts were not warranted as the parties had exhausted their explication of their positions.

LAW OFFICES OF CHARLES J. PIVEN P.A.
Charles J. Piven, Esq.
The World Trade Center
401 East Pratt Street - Suite 2525
Baltimore, Maryland 21202
Tel: 410-332-0030

Kenneth A. Wexler, Esq.
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street
Chicago, Illinois 60602
Tel: (312) 346-2222

Joe R. Whatley, Jr., Esq.
Whatley Drake LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Tel: 205-328-9576
Fax: 205-328-9669

Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

I, David J. Strachman, hereby certify that on December 12, 2005, I caused the accompanying Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Appeal of Magistrate Judge Almond's October 12, 2005 Order to be served upon the following parties by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York or otherwise indicated upon:

John A. Tarantino
Adler Pollock & Sheehan, P.C.
2300 Financial Plaza
Providence, Rhode Island 02903
Tel: (401) 274-7200

Mitchell A. Karlan
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000