UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| Linda LaLonde, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 02-334S |
| ) | |
| Textron, Inc., and Textron ) | |
| Savings Plan Committee, ) | |
| ) | |
| Defendants. ) | |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This ERISA putative class action has been pending in this Court for nearly four years. This Court dismissed the action in 2003, see Lalonde v. Textron, Inc., 270 F. Supp. 2d. 272 (D.R.I. 2003); it was later reinstated by the Court of Appeals. See Lalonde v. Textron, Inc., 369 F.3d 1 (1st Cir. 2004). In November 2004, this Court imposed a scheduling order that had been jointly proposed by the parties setting a factual discovery deadline of June 21, 2005. Up until June 2005, it appeared that everything was on track, because no mention was made to the Court of any discovery problems as would normally be expected when a party's discovery efforts were not proceeding as planned. For reasons that defy

explanation, Plaintiffs now find themselves well past the closure date for discovery having failed to conduct any depositions, collect significant documents, disclose expert witnesses, or properly file a motion to amend the discovery schedule. The record is devoid of even a single instance of Plaintiffs seeking court intervention to ensure that Defendants were responding to their discovery requests. Not until June 9, 2005 did Plaintiffs file a (flawed) Motion to Amend Discovery Schedule and to Compel Production of Documents. This motion was referred to Magistrate Judge Almond. Judge Almond denied the motion because it had not been properly served on Defendants. No appeal of Judge Almond's ruling was filed with this Court. Instead, on July 21, 2005 (one month following the fact discovery closure date), Plaintiffs filed another Motion to Amend Discovery Schedule and to Compel Production of Documents. This motion was in violation of the Court's pretrial order which requires parties to seek leave of Court before filing motions "after ten (10) days from the close of discovery." July 21, 2005 also passed without Plaintiffs making their expert witness disclosures and reports as required by the pretrial order.

On October 12, 2005, Judge Almond denied Plaintiffs' July 21, 2005 motion, reasoning that Plaintiffs: (1) offered no credible basis to be excused from the 'good faith' meet and confer

2

certification requirements of Fed. R. Civ. P. 37(a)(2)(B) and former Civ. Local R. 13(d); (2) improperly filed the motion without seeking leave of court; and (3) offered no good cause as to why they had failed to conduct significant discovery within the period set forth in the pretrial order. Plaintiffs have now filed an appeal of Judge Almond's order pursuant to Fed. R. Civ. P. 72(a), which provides that this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

In order to effectively manage cases using devices such as the Federal and Local Rules, "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 255 (1st Cir. 2004) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)); see also Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (litigants have an "unflagging duty to comply with clearly communicated case-management orders"). To this end, trial judges are afforded considerable discretion in the pretrial management of their cases. See, e.g., Ramirez Pomales v. Becton Dickinson & Co., 839 F.2d 1, 3 (1st Cir. 1988) (decision to modify pretrial order is subject to the trial court's sound discretion).

3

In this district, the sound discretion of the trial court is routinely exercised by Magistrate Judges to whom many pretrial matters are delegated.

Judge Almond's ruling concerning Plaintiffs' Motion to Compel is consistent with the Rules of Civil Procedure, and as such, is not clearly erroneous or contrary to law. See, e.g., Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (denying motion to compel for failure to include a Fed. R. Civ. P. 37(a)(2) good faith certification).

Concerning the Motion to Amend, Plaintiffs attempt to meet their burden of demonstrating clear error by characterizing Judge Almond's ruling as a "sanction." In support, they cite several First Circuit decisions for the proposition that dismissals should rarely be utilized as a sanction for discovery abuses. This Court finds Plaintiffs' line of reasoning wholly unpersuasive. The cited cases deal with district courts dismissing cases outright for violations of discovery orders. Judge Almond's ruling, however, was not sanction-based. The order did not impose a sanction or suggest that counsel's conduct was so egregious or extreme as to possibly warrant sanctions. Rather, Judge Almond provided two independent bases for denying the motion by identifying its procedural shortcomings and rejecting Plaintiffs' attempt to show

4

good cause. The fact is, that despite Plaintiffs' claims to the contrary, and for reasons that are unclear to this Court, Plaintiffs have not actively litigated this case since imposition of the pretrial order. It was not clear error for Judge Almond to reject Plaintiffs' late and error filled attempt to catch up.

The predicament in which Plaintiffs find themselves today is entirely of their own making. While this Court manages its own docket, it is not the Court's "obligation to play nursemaid to indifferent parties." Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). Had Plaintiffs diligently conducted discovery during the ample time provided, subsequent discovery motions, either timely or untimely, would have been unnecessary, and significant judicial resources would not have been expended. Moreover, the disregard of scheduling orders and court rules that are essential to the trial court's effective management of cases undermines this Court's "institutional interest in ensuring compliance with its orders." Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003). Plaintiffs argue that the state of discovery is such that if it is not reopened, Plaintiffs will have no ability to proceed to trial. This may be, but that does not convert Plaintiffs' inattentiveness into a clear error on Judge Almond's

5

part. In light of the foregoing, Plaintiffs' appeal of Judge Almond's October 12, 2005 Order is DENIED.[1]

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
United States District Judge
Date: 2/10/06

---

[1] Also pending at this time are Plaintiffs' Motion for Class Certification and Defendants' Motion for Summary Judgment. A decision addressing these motions will be filed by the Court in short order.

6